UNITED STATES of America, Plaintiff–Appellee,

v.

Malcolm R. SCHLETTE, Defendant,

Estate of William O. Weissich, Petitioner–Appellant,

Marin Independent Journal, Applicant–Appellant.

ESTATE OF William O. WEISSICH, Petitioner,

Marin Independent Journal, Petitioner,

v.

UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent,

United States of America, Real Party in Interest.

Nos. 87–1106, 87–1155, 87–7430 and 87–7436.

United States Court of Appeals, Ninth Circuit.

Aug. 23, 1988.

Before NOONAN and THOMPSON, Circuit Judges.

ORDER AMENDING OPINION

The opinion published at 842 F.2d 1574 (9th Cir.1988) is amended as follows:

1. The second paragraph of the opinion which begins on page 1576, on the left side of the page, is amended to read as follows:

The Weissich murder became an immediate *cause celebre*. The Estate of William O. Weissich (the "estate") and the Marin Independent Journal (the "newspaper") applied to the district court for release of Schlette's presentence investigation report and psychiatric report which had been prepared when Schlette

was placed on probation for the firearm offense. The estate also sought release of any postsentence probation reports. The estate argued that it required access to these documents to determine whether the court's probation service knew that Schlette posed a threat to Weissich and should have warned Weissich of a danger to his life. The newspaper stated that its interest was in learning what information the district court had available to it when it placed Schlette on probation. These requests were made under Federal Rule of Criminal Procedure 32(c) and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The newspaper also asserted a first amendment right of access to the documents.

2. The first sentence of the second grammatical paragraph on the right side of page 1583 is deleted and the following two sentences are inserted in its stead:

No legitimate reason for preserving the secrecy of the Schlette presentence report, the psychiatric report,[5] or any postsentence probation reports[6] has been articulated by the district court or by the government. As used in this opinion, the term "postsentence probation reports" means any reports in the file of the probation service of the district court pertaining to Schlette from and after the date he was placed on probation for the firearm violation.

3. Footnote 6 is added to the amended opinion. This footnote reads:

[6] In the district court, the newspaper did not request disclosure of any postsentence probation reports. However, because we hereafter grant disclosure of these reports to the estate, subject to conditions of disclosure, and there appears to be no reason to treat the newspaper differently from the estate for this purpose, the newspaper is granted the same right to inspect and copy any postsentence probation reports as is the estate.

4. The last sentence of the paragraph that begins on the left side of page 1584 and concludes on the right side, is amended to read:

But whatever information is actually contained in the report, it is the report itself, and the related documents (the psychiatric report and any postsentence proba-

tion reports) which are relevant to the estate's contemplated action.

5. The first sentence of the first complete paragraph on the right side of page 1584 is amended to read:

We conclude that the estate has made a sufficient threshold showing of a legitimate need for disclosure of the presentence report, the psychiatric report, and any postsentence probation reports.

6. The first sentence of the last paragraph on the right side of page 1584, just underneath the word "CONCLUSION", is amended to read:

In denying the third-party requests by the newspaper and by the estate for disclosure of the presentence report and related documents, the district court abused its discretion.

7. The penultimate sentence of the opinion, which appears on the left side of page 1585, is amended to read:

When the redacting has been completed, the district court shall permit the newspaper and the estate to read and make notes from the presentence report, the psychiatric report, and any postsentence probation reports.