UNITED STATES of America, Plaintiff,

v.

Malcolm R. SCHLETTE, Defendant.

And Related Matters

No. CR–83–0082 MHP.
Civ. A. Nos. 87–1106, 87–1155.

United States District Court,
N.D. California.

Oct. 4, 1988.

---

William T. McGivern, Chief Asst. U.S. Atty., San Francisco, Cal., for U.S.

Judith R. Epstein, Crosby, Heafey, Roach & May, Oakland, Cal., for Marin Independent Journal.

Mark L. Musto, Goldstein & Phillips, San Francisco, Cal., for Estate of William O. Weissich.

## MEMORANDUM AND ORDER

PATEL, District Judge.

This matter came before the court in 1987 on petitions by the *Marin Independent Journal* and the Estate of William O. Weissich seeking release of court records concerning defendant Malcolm R. Schlette. Following this court's denial of the requests, the petitioners obtained a writ of mandamus from the Court of Appeals for the Ninth Circuit directing that petitioners be given access to "the presentence report, the psychiatric report and any postsentence reports" *U.S. v. Schlette*, 854 F.2d 359, 360 (9th Cir.1988), pursuant to Fed.R.Crim.P. 32. The matter is now before the court to determine the scope of the term "any postsentence reports."

Having considered the written and oral arguments of the parties, for the following reasons, the court finds that internal Probation Department memoranda and documents, beyond the presentence report, psychiatric report and monthly supervision reports (which have already been disclosed to petitioners) are not included within the term "postsentence reports." Accordingly, petitioners' request for these materials is denied.

## BACKGROUND

The present litigation began in March 1987, when petitioners *Marin Independent Journal*, a newspaper of general circulation in San Rafael, California, and Estate of William Weissich, the family of Malcolm Schlette's homicide victim, each sought access to certain court files pertaining to the defendant Malcolm Schlette. The *Independent Journal's* initial petition, filed in March, 1987, sought release of the presentence report pursuant to Fed.R.Crim.P. 32(c)(2). The Estate's petition of March 1987 requested presentence, probation and psychiatric reports.

This court denied the petitions. Petitioners subsequently applied to the Ninth Circuit Court of Appeals for a writ of mandamus requiring release of the reports, based on Rule 32(c), the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the first amendment.[1] Declining to reach the first amendment and FOIA arguments, the Ninth Circuit found that Rule 32 did not prohibit disclosure to a third party when "necessary to serve the ends of justice." *U.S. v. Schlette*, 842 F.2d 1574, 1581 (9th Cir.1988), (citing *Berry v. Dept. of Justice*, 733 F.2d 1343, 1352 (9th Cir.1984)). The Court of Appeals found that in the instant case, disclosure of "the presentence report, the psychiatric report and the postsentence probation report" to the newspaper would serve the interests of justice, and that the Estate's threshold showing of legitimate need for the documents also warranted disclosure. 842 F.2d at 1584. Accordingly, the Court of Appeals on March 31, 1988, ordered this court, after redacting the documents to preserve properly confidential information as contemplated by Rule 32(c)(3)(A), to "permit the newspaper and the estate to read and make notes from the presentence report, the psychiatric report,

1. The Estate, in both its appeal of this court's initial decision and its petition for the writ of mandamus, sought inspection of "the psychiatric, presentence and probation reports" on Malcolm Schlette. The *Independent Journal's* appellate brief and petition for writ requested "presentence investigation reports and other documents filed with the court in connection with the sentencing" of defendant Schlette. *See* Petition for Writ 10, 38. The notes, memoranda and other documents now requested are not "probation reports" under the Probation Department or this court's understanding of that term, nor are they "documents filed with the Court."

   Neither petition requested Malcolm Schlette's entire file, nor did either petition at any time explicitly indicate that access to all Probation Department notes, memos or working documents was sought. Indeed, such a request could not have been brought under Rule 32. Had the parties explicitly requested notes, memos, and an exhaustive list of other materials, this court's original ruling would read differently and would have explicitly found that these documents cannot be reached under Rule 32. If that were the case, the Court of Appeals might have been compelled to consider the petitioners' first amendment or FOIA claims. They did not do so, however, and the Ninth Circuit's ruling under Rule 32 will not be construed by this court to cover materials beyond the scope of the Rule.

and the postsentence probation report." *Id.* at 1585.

Pursuant to this court's order of June 23, 1988, implementing the Ninth Circuit's amended order, the presentence report and psychiatric report were made available to petitioners. The Probation Department was also directed to turn over to the court "any post-sentence reports or other reports referred to or covered by the Ninth Circuit's decision." Order on Remand, CR 83–0082–MHP, June 23, 1988.

In July 1988, petitioners again contacted this court and indicated their belief that the Probation Department was in possession of "post-sentence probation reports" concerning Malcolm Schlette which should be disclosed under the Ninth Circuit's amended opinion. This belief was apparently founded on a Probation Department officer's statements to the petitioners that the Schlette file contained other materials in addition to the reports already disclosed. Petitioners maintained that the Ninth Circuit's order entitled them to inspect *all* documents in the Schlette file, including those characterized by the Probation Department as internal memoranda, "chronos" (notes to the file), and case reviews.

This court sought clarification from the Ninth Circuit. In its letter of July 13, 1988, this court asked whether the Court of Appeals intended to release to the *Independent Journal* documents beyond those the paper had actually requested, and asked for clarification of the term "postsentence probation reports," as used in the Court of Appeals' opinion.

In response, the Ninth Circuit again amended its order, *U.S. v. Schlette,* 854 F.2d 359 (9th Cir.1988), and petitioners again sought access to the entire Schlette file. The Probation Department, pursuant to this court's order, released Mr. Schlette's "Monthly Supervision Reports," and informed the court that in its judgment the Schlette file contained no further documents which came within the meaning of "reports." Declaration of Doris Halliday–Cannata 3.

## DISCUSSION

The dispute between petitioners and the Probation Department at this point centers on the meaning of "postsentence probation reports" under the Ninth Circuit's amended opinion. Petitioners contend that the Ninth Circuit's intent was not merely to release the presentence report, the psychiatric report and the monthly supervision reports, but to make public Malcolm Schlette's entire probation file, including all records, case reviews, documents, memoranda, notes and other material, even internal working documents and notes to the file. Such a reading of the Court of Appeals' opinion goes far beyond the scope of petitioners' initial requests or the Ninth Circuit's August 23, 1988 order, and beyond the authority of Rule 32 itself.

As the Court of Appeals explained, Rule 32 limits disclosure of defendants' presentence reports. The Rule requires that the report be made available to defendant and defendant's counsel and to the government, but does not allow disclosure of "any final recommendation as to sentence" or any portion of the report that

> contains diagnostic opinions which, if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons.

Fed.R.Crim.P. 32(c)(3)(A). The Rule does *not* speak in terms of or authorize disclosure of a defendant's entire file nor even every "report" contained therein, much less every document, material or note. Indeed, the rule further provides that if the court finds that the presentence report contains material which should not be disclosed for the above reasons, the report itself need not even be provided to the defendant, who may instead be given a summary (oral or written) by the court. The court's summary may be given to the parties in camera. Fed.R.Crim.P. 32(c)(3)(B).[2]

---

**2.** This court is concerned about the implications of the Court of Appeals' decision for this provi-

sion of Rule 32. The interests of the Estate and the newspaper are not fungible. They are clear

It is clear that neither the disclosure provisions in Fed.R.Crim.Pro. 32(c)(3) nor the enumeration of the contents of the report in 32(c)(2) are intended to or do serve as a vehicle for allowing access by the defendant, third parties, or even the court to every note or paper in a probation file.[3] Were this court to read the Court of Appeals' opinion to authorize such unlimited access, the opinion itself would be beyond the scope of Rule 32.

It is not necessary, however, to strain to find a conflict between the Ninth Circuit's opinion and Rule 32. Contrary to the representations of petitioners, the opinion does not require access to the entire Schlette file, nor even to all "materials" therein. Rather, the opinion authorizes petitioners to "read and make notes from the presentence report, the psychiatric report, and any postsentence probation reports." 854 F.2d at 360. Had the Ninth Circuit intended petitioners to receive all records, memoranda, notes, working documents and other materials in the Schlette file, it would certainly have stated such an expansive order in clear terms. Instead, the Court of Appeals used the term "reports."

This court asked, in its letter of July 13, 1988, that the Ninth Circuit clarify its intent in using the term "postsentence probation reports" in its May 23, 1988 amended opinion. In response, the Court of Appeals again amended its opinion to include the sentence,

As used in this opinion, the term "postsentence probation reports" means any reports in the file of the probation service of the district court pertaining to Schlette from and after the date he was placed on probation for the firearm violation.

854 F.2d at 360.

This definition of "reports" is unfortunately rather circular. Notably, however, the Court of Appeals did not state that "reports" meant the entire file, nor all materials contained therein. This court therefore concludes that the Ninth Circuit, appreciating the limits of Rule 32, intended to include within the meaning of "postsentence probation reports" only those documents, including the Monthly Supervision Reports, encompassed within the description of "reports" provided by the Probation Department in its September 13, 1988 declaration and reviewed by this court. The declaration explains that the Supervision Plan, Risk Prediction Scale, "Chronos," and Case Reviews are internal working documents of the probation office:

They are never intended as statements or accounts brought in and presented for transmittal to others, nor are they formal or official presentations of facts or the record of any investigation. While these documents could be the basis for future "reports," ... they are not now "reports." They are not meant to leave the file of the client, nor are they accessible to any person other than those engaged

and distinct and the safeguards that may be used under Rule 32 or in civil discovery provisions are much different as to each. The Estate's access to appropriate documents in a civil proceeding or under Rule 32 could be granted under a protective order, which is common where confidential documents are involved.

Granting a newspaper access to reports, on the other hand, makes the protection of confidential victim impact statements, for example, or information provided under promise of confidentiality, impossible. In the *Schlette* case, the Court of Appeals found no evidence of such privacy interests; however, this court is concerned that neither the decision nor an expansion of Rule 32's disclosure provisions to include third parties provides an adequate opportunity or vehicle for victims or witnesses whose statements may be disclosed to make their views known to the court before records are released.

However, this court assumes that the Ninth Circuit's decision will not be construed to authorize routine access by the press to the confidential files of living criminal defendants, those containing sensitive victim impact statements, or those where informants are implicated, even where issues of public importance (as, for example, with convicted public officials) are involved.

3. As this court pointed out and petitioners conceded at the hearing, had petitioners initially sought access to every memo, note and working document, their request could have—and should have—been couched in very different terms. Counsel, as experienced trial attorneys, are familiar with inclusive discovery requests framed to cover "reports, records, documents, memoranda, notes and other materials," and conceded at hearing that they would not normally formulate a request intended to garner all such items with the single word "reports."

in the direct supervision of that client. These internal documents contain, among other items, confidential information about not only the client, but also family, employers and others. The client does not have access to any of these documents.

Declaration of Doris Halliday–Cannata 2–3. Indeed, these records are never made available to counsel for the government, defendant, or the court. It would be ironic for third parties to be able to use Rule 32, a rule promulgated primarily for the benefit of defendants, to gain access to records even a defendant could not obtain under the Rule.[4] *See* Notes of the Advisory Committee on Rules, Rule 32, Fed.R.Crim.P. (history of Rule shows it was intended to benefit defendants in providing disclosure to them.)

This court does not construe the Ninth Circuit's intent in disclosing all "postsentence probation reports" on Malcolm Schlette to the *Marin Independent Journal* and the Estate of William Weissich to include documents internal to the Probation Department and inaccessible under Rule 32 to the defendant himself, the court, and anyone other than Schlette's immediate supervisor. Accordingly, petitioners' request for these documents is denied.

CONCLUSION

Petitioners have been granted access to all presentence reports, psychiatric reports and postsentence reports as construed by this court pursuant to the amended order in *United States v. Malcolm R. Schlette*, 854 F.2d 359 (9th Cir.1988). Petitioners' requests for further materials from the Probation Department are denied.

IT IS SO ORDERED.

---

4. *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir.1988), cited by the Estate in its letter of July 19, 1988 to the Ninth Circuit, is not to the contrary. While the Court of Appeals in *Strifler* did state that probation files often contain information that is "relevant, material and probative," that case involved a criminal *defendant's* right to review exculpatory material in the government's possession *in preparation for trial* under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963). Neither defendant's rights nor *Brady* material are at issue in *U.S. v. Schlette*, nor is the fact that *Brady* material is "relevant, material and probative" to a defendant's trial preparation in any way relevant to the current matter.