UNITED STATES of America, Plaintiff,

v.

Carlos Alberto VILLA, Defendant.

No. CR–R–83–35–ECR.

United States District Court,
D. Nevada.

Nov. 27, 1988.

Brian Sullivan, Asst. U.S. Atty., Reno, Nev., for plaintiff.

No Appearance for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

The motion before the Court requests the disclosure of the presentence report of Carlos Villa ("Villa") to the United States Immigration and Naturalization Service ("INS"). The INS seeks to present this report to the Immigration Judge presiding over Villa's deportation hearing. Both the presentence report and the deportation proceeding stem from Villa's conviction in December, 1983, of possessing five kilograms of cocaine and conspiring to distribute this cocaine. This Court provided Villa with a ten-day opportunity to oppose the disclosure of his presentence report. *See* Minute Order entered November 9, 1988. Twenty days have passed since we provided Villa with an opportunity to respond and Villa has submitted no opposition to the Government's motion. Nevertheless, the motion for disclosure is ripe for disposition and requires the Court's immediate attention.

The Ninth Circuit Court of Appeals articulated the guidelines for disclosing presentence reports to third parties in *United States v. Schlette*, 842 F.2d 1574 (9th Cir. 1988), *as amended by*, 854 F.2d 359 (1988). In that case, a newspaper and the estate of a murder victim sought disclosure of the presentence report regarding a previous crime committed by the murderer. The Ninth Circuit ruled that while presentence reports generally are confidential, they should be disclosed to third parties when "necessary to serve the ends of justice." *Id.* at 1579 & n. 1; *see also Berry v. Department of Justice*, 733 F.2d 1343, 1352 (9th Cir.1984). The burden is on the party requesting disclosure to "make some threshold showing that disclosure will serve the ends of justice." *Schlette*, 842 F.2d at 1581 (citing *Berry*, 733 F.2d at 1352). Once the threshold showing is made, the Ninth Circuit has directed courts to apply a balancing test. The Court of Appeals stated that "whether disclosure is warranted in a given case requires the court to balance the need for disclosure against the reasons for confidentiality." *Schlette*, 842 F.2d at 1581 (citing *United States Indus., Inc. v. United States Dist. Court*, 345 F.2d 18, 21 (9th Cir.), *cert. denied*, 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed. 2d 62 (1965)); *see also Schlette*, 842 F.2d at 1582 ("The extent of the showing [supporting disclosure] will vary as the need for confidentiality varies.").

In assessing potential reasons for confidentiality, the Ninth Circuit rejected general policy grounds as a basis for not disclosing presentence reports. *Schlette*, 842 F.2d at 1583. The court found no empirical support for the arguments that routine disclosure of presentence reports would cause confidential sources of information to disappear or reduce the quality and accuracy of the reports. *Id.* at 1579–81. It also rejected the argument that allowing the disclosure of presentence reports to third parties would lead to "an avalanche of requests." *Id.* at 1580 (quoting *Berry*, 733 F.2d at 1352). Furthermore, the Court of Appeals indicated that the defendant's general interest in privacy did not necessarily weigh against disclosure in every case. Instead, the court suggested that, in certain cases, privacy concerns may militate against disclosure where the information in the presentence report is so personal that its disclosure "would constitute 'a clearly unwarranted invasion of privacy.'" *Id.* at 1581 (quoting *Berry*, 733 F.2d at 1353). In *Schlette*, the court found that the murderer had no remaining privacy interest in his presentence report because he had committed suicide. *Id.* The court also found that the newspaper's interest in informing the public about the sentencing process and the estate's interest in determining whether the presentence report indicated the murderer's dangerousness constituted legitimate reasons for disclosure. Hence, it held that disclosure of the report to these third parties was appropriate. *Id.* at 1582–85.

Nevertheless, the *Schlette* court noted that while disclosure was appropriate, certain portions of the presentence report should remain confidential. The court stated that the four categories of information excluded from disclosure to the defendant under Fed.R.Crim.P. 32(c)(3)(A) should also be excluded from disclosure to third parties. *Id.* at 1585. These categories of confidential information are: (1) any final recommendation as to the defendant's sentence; (2) any diagnostic opinions which might disrupt the defendant's rehabilitation; (3) any source of information obtained upon a promise of confidentiality; and (4) any information that might result in physical or other harm to the defendant or other persons. *See* Fed.R.Crim.P. 32(c)(3)(A).

In applying the *Schlette* guidelines to the case at bar, we find that Villa's presentence report should be disclosed to the INS. The Government has made a threshold showing that disclosure will serve the ends of justice by stating that this report will be used in Villa's deportation proceeding. The INS wants to use this report to assure itself that it presents all the information underlying Villa's criminal convictions to the Immigration Judge presiding over Villa's deportation proceeding. A deportation proceeding certainly is more directly linked to the "ends of justice" than a newspaper's interest in informing the public about the sentencing process. Since this latter interest was found sufficient to satisfy the disclosure threshold in *Schlette*, the INS's interest in presenting all the relevant information at Villa's deportation hearing also satisfies the disclosure threshold.

In contrast, no reason exists not to disclose Villa's presentence report. The Ninth Circuit has rejected the general policy reasons for preserving the confidentiality of presentence reports. *See Schlette*, 842 F.2d at 1579–81. In addition, our review of Villa's presentence report shows that it contains merely a factual statement of the criminal charges on which Villa was convicted, a summary of Villa's account of these charges, and a brief description of Villa's family background, marital history, educational background, employment history, health record, and financial condition. None of the statements, descriptions, or other materials in this report is so personal or intimate that its disclosure to the INS would constitute "an unwarranted invasion of privacy." *See Schlette*, 842 F.2d at 1581. Furthermore, other than a final recommendation as to Villa's sentence, none of the undiscloseable types of information listed in Fed.R.Crim.P. 32(c)(3)(A) appears in Villa's presentence report. In addition, the INS has assured this Court that it will respect the general confidentiality accorded presentence reports by using this report

solely in conjunction with Villa's deportation proceedings.

Overall, therefore, the balance between preserving complete confidentiality and permitting limited disclosure favors disclosure in the instant case. While the Court doubts that the INS will uncover any information in Villa's presentence report that is not already part of the public record of his sentencing, we recognize that the INS has a legitimate interest in all information that might be pertinent to Villa's deportation proceeding. In comparison to this interest, we find absolutely no privacy ground or other basis for maintaining the confidentiality of Villa's presentence report.

IT IS, THEREFORE, HEREBY ORDERED that the Government's Motion to Disclose the Presentence Report of Carlos Villa to the INS (document # 221) is GRANTED.

ACCORDINGLY, IT IS ORDERED that the United States Probation Office of Reno, Nevada, shall forward a copy of the presentence report of Carlos Villa in Case No. CR–R–83–35–ECR to Chester J. Winkowski, General Attorney of the INS, Room 13–106, 26 Federal Plaza, New York, N.Y. 10278. This copy shall not include the final recommendation of sentence that appears on a separate page in the original presentence report.

IT IS FURTHER ORDERED that the INS shall use the presentence report solely in conjunction with the deportation proceedings against Carlos Villa that are currently being conducted before Immigration Judge Annette S. Elstein.