**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

In re: W. PATRICK KENNA.

W. PATRICK KENNA,
                    *Petitioner,*

            v.

UNITED STATES DISTRICT
COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA,
                    *Respondent.*

UNITED STATES OF AMERICA,
            *Real Party in Interest.*

No. 06-73352

D.C. No.
CR-03-00568-JFW

OPINION AND
ORDER

Petition for Writ of Mandamus to the United States
District Court for the Central District of California
John F. Walter, District Judge, Presiding

Filed July 5, 2006

Before: Michael Daly Hawkins, Sidney R. Thomas and
Jay S. Bybee, Circuit Judges.[1]

Per Curiam Opinion

---

[1]In *Kenna v. United States District Court*, 435 F.3d 1011 (9th Cir. 2006) ("Kenna I"), the panel stated that it retained jurisdiction "over any future mandamus petitions arising from the Zvi Leichner criminal case." The Kenna I panel has been contacted and has declined to hear the merits of this petition.

**COUNSEL**

Keli B. Luther, Tempe, Arizona, and John A. Case, Jr., Los Angeles, California, for petitioner W. Patrick Kenna.

George S. Cardona, Assistant United States Attorney, Los Angeles, California, for real party in interest United States.

## OPINION AND ORDER

PER CURIAM:

This is a petition for a writ of mandamus pursuant to the Crime Victims Rights Act, 18 U.S.C. § 3771 ("CVRA"). Under the CVRA, we must decide this petition "within 72 hours after the petition has been filed." 18 U.S.C. § 3771(d)(3); *Kenna I*, 435 F.3d at 1018. Moreover, if we deny the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." 18 U.S.C. § 3771(d)(3).

**[1]** Petitioner W. Patrick Kenna ("Kenna") requests that we order the district court to release the entire presentence report ("PSR") of criminal defendant Zvi Leichner to him. The district court rejected Kenna's argument that § 3771 of the CVRA confers a general right for crime victims to obtain disclosure of the PSR. Failing to find support for Kenna's argument in either the language of the statute or the legislative history, we agree. *See*, *e.g.*, 150 Cong. Rec. S. 4260, 4268 (2004). Additionally, the district court found that Kenna has not demonstrated that his reasons for requesting the PSR outweigh the confidentiality of the report under the traditional "ends of justice" test. *See United States v. Anzalone*, 886 F.2d 229, 233 (9th Cir. 1989); *see also United States v. Schlette*, 842 F.2d 1574, 1584, *amended*, 854 F.2d 359 (9th Cir. 1988) ("[A] central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources.") (quoting *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1177 (2d Cir. 1983)). We note that Kenna refused the district court's offer to consider disclosure of specific portions of the PSR.

**[2]** We have reviewed the record and we conclude that the district court did not abuse its discretion or commit legal error. *See Kenna I*, 435 F.3d at 1017 (noting that on reviewing

a mandamus petition under the CVRA, this court must issue the writ "whenever we find that the district court's order reflects an abuse of discretion or legal error"). Accordingly, we deny the petition for a writ of mandamus.

**DENIED.**[2]

---

[2]Petitioner's request that we stay the sentencing of Zvi Leichner pending our decision on this case is denied as moot.