**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1086**

In Re: WAYNE BROCK,

Petitioner.

On Petition for Writ of Mandamus. (1:06-cr-00135-WMN)

Submitted: January 28, 2008          Decided: January 31, 2008

Before WILLIAMS, Chief Judge, and KING and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Russell P. Butler, MARYLAND CRIME VICTIMS' RESOURCE CENTER, INC., Upper Marlboro, Maryland, for Petitioner.  Robert W. Biddle, NATHANS & BIDDLE, L.L.P., Baltimore, Maryland, for Gregory B. Bermudez; James Wyda, Federal Public Defender for the District of Maryland, Denise C. Barrett, Assistant Federal Public Defender, Andrew Carter, Assistant Federal Public Defender, Martin Bahl, Staff Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for John G. Bermudez, Jr.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Brock, the victim of a criminal assault, petitions for a writ of mandamus pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C.A. § 3771 (West Supp. 2007). Brock contends that he is entitled to relief because the district court failed to afford him the full scope of his rights under the CVRA to "be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding" and to "be treated with fairness and with respect for [his] dignity and privacy." 18 U.S.C.A. § 3771(a)(4) & (8) (West Supp. 2007). After reviewing the record and the submissions of the interested parties, we find no basis for granting the relief Brock requests and, therefore, deny the petition.

I.

This mandamus petition arises out of the sentencing proceedings following Gregory Bermudez's and John Bermudez's convictions for a criminal assault against Brock.

On January 15, 2008, two days before the Bermudezes' sentencing hearing, Brock filed a motion to assert victim's rights under the CVRA, requesting disclosure of four parts of the Bermudezes' presentence reports ("PSRs"): (1) the background/statement of facts section; (2) the restitution section, including any discussion of Brock's losses and the defendants'

2

ability to pay; (3) the section calculating the sentencing range under the United States Sentencing Guidelines; and (4) the upward departure section.

Brock, who has been represented by counsel since June 2007, was in possession of several documents relating to the Bermudezes' sentencing prior to the filing of this motion. Specifically, Brock had access to Gregory Bermudez's sentencing memorandum, as well as the original of the Government's two sentencing memoranda. These memoranda summarized the substance of the PSRs and also included comprehensive discussions of the Guidelines calculations contained in the PSRs in addition to other facts relevant to the district court's sentencing decision. Brock had not, however, been provided with access to the PSRs themselves because, under the District of Maryland's Local Rule 213(1)(a), PSRs are "confidential internal Court document[s] to which the public has no right of access." Likewise, under 18 U.S.C. § 3552(d) (West 2000) and Federal Rule of Criminal Procedure 32(e)(2), PSRs are to be provided only to the defendant, the defendant's counsel, and the attorney for the Government.

At the sentencing hearing, the district court denied Brock's motion, concluding that Brock was present and had all the information he needed to make a victim impact statement, regardless of whether he saw the PSRs. The district court declined to hear testimony or arguments from Brock related to Guidelines

3

calculations, but it did recognize that Brock had a right to be heard with respect to the sentences imposed. Accordingly, the district court (over the defense's objection that the written victim impact statement and "Restitution Affidavit" Brock had already submitted should suffice), afforded Brock the opportunity to "make whatever further impact statement he want[ed] to make." (Addendum to Brock's Petition at 76.) In response, Brock expressed dissatisfaction with the district court's characterization of the severity of the assault, described the crime's impact on him, and asked the court to look at all the evidence and make a conscious decision on sentencing. At the close of this hearing, the district court sentenced Gregory Bermudez to eight months' imprisonment and John Bermudez to ten months' imprisonment.

Following the sentencing hearing, on January 28, 2008, Brock filed this mandamus petition pursuant to the CVRA. See 18 U.S.C. § 3771(d)(3) (providing that if the district court denies a victim relief sought under the CVRA, the victim "may petition the court of appeals for a writ of mandamus" and "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed").

4

## II.

### A.

Before turning to the substance of Brock's petition, we briefly address the appropriate standard of review. Normally, we apply an extremely stringent standard of review to mandamus petitions that requires petitioners to demonstrate an "abuse of discretion [that] amount[s] to a judicial usurpation of power." In re Catawba Indian Tribe of S.C., 973 F.2d 1133, 1136 (4th Cir. 1992) (internal quotation marks omitted). Brock contends, however, that mandamus petitions filed under the CVRA should not be subject to this stringent standard of review. Instead, Brock contends, and at least two other circuits have concluded, because Congress chose the mandamus petition as a vehicle for relief that would function in a manner similar to a traditional appeal, an ordinary abuse of discretion standard should apply to CVRA mandamus petitions. See Kenna v. U.S. Dist. Court ("Kenna I"), 435 F.3d 1011, 1017 (9th Cir. 2006); In re W.R. Huff Asset Mgmt. Co., 409 F.3d 555, 562-63 (2d Cir. 2005). We need not decide this issue today, however, because even applying the more relaxed abuse of discretion standard, we conclude that Brock is not entitled to relief.

### B.

In his mandamus petition, Brock contends that the district court committed legal error by denying him access to portions of

the defendants' PSRs, refusing to hear the information he wanted to present concerning the Guidelines calculations, and incorrectly calculating the defendants' Sentencing Guidelines ranges. These legal errors, he claims, deprived him of his rights under the CVRA to be "reasonably heard" at the sentencing hearing and to be "treated with fairness." 18 U.S.C. § 3771(a)(4)&(8).

Based on the record before us, we cannot conclude that the district court abused its discretion or abridged Brock's rights under the CVRA by denying him access to portions of the PSR. Although Brock claims that, without the PSR, he had insufficient knowledge of the issues relevant to sentencing to meaningfully exercise his right to be reasonably heard, the record reveals that he was provided ample information concerning the applicable Sentencing Guidelines and other issues related to the defendants' sentencing.[*] And, of course, he did not need access to the PSR to describe the crime's impact on him. Accord In re Kenna ("Kenna II"), 453 F.3d 1136 (9th Cir. 2006) (holding that neither the language of the CVRA nor the legislative history supported a victim's argument that the CVRA confers a general right on victims to access the PSR).

---

[*]Before the district court, Brock had also argued that he needed the PSR to obtain information related to his entitlement to restitution. At the sentencing hearing, however, the district court postponed a determination of the amount of restitution due Brock because it had insufficient information to calculate the amount of loss, and Brock does not pursue this argument in his petition.

6

We likewise cannot conclude that the district court's refusal to consider arguments from Brock concerning Guidelines calculations prevented him from being reasonably heard or treated fairly. The district court considered Brock's written victim impact statement and also afforded him the opportunity to offer any further statements he wished to make regarding the assault. Moreover, the district court emphasized that the Guidelines represented only one of many factors that it considered and explicitly stated that it would have imposed the same sentences regardless of what the Guidelines ranges had been. (See Addendum to Brock's Petition at 155 "[I]rregardless of the Guideline[s] calculations that I made today, the sentence that I would have imposed had the guidelines been something different would have been the same. I would have varied from the Guidelines if that had been necessary to reach the sentence that was reached in both of these cases.").

Finally, the CVRA does not provide victims with a right to appeal a defendant's sentence by challenging the district court's calculation of the Guidelines range. Accordingly, regardless of whether the district court's Guidelines calculations were correct, based on the record before us, we conclude that Brock was "reasonably heard" and fairly treated. See 18 U.S.C. 3771(a)(4)&(8).

7

III.

For the foregoing reasons, Brock's petition for a writ of mandamus is

DENIED.