**UNITED STATES of America**

v.

**Dion COXTON, Defendant.**

**No. 3:05–cr–00339–FDW.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 24, 2009.

Karen S. Marston, U.S. Attorney's Office, Charlotte, NC, for United States of America.

## ORDER

FRANK D. WHITNEY, District Judge.

THIS MATTER comes now before the Court upon the Victims' "Motion for Disclosure of Portions of Presentence Report Prior to Sentencing" (Doc. No. 224). Both the Government and Defendant have responded in opposition (Doc. Nos. 230, 231), and this matter is now ripe for review. For the reasons stated below, the Motion is DENIED.

### I. BACKGROUND

On or about September 7, 2005, Defendant Dion Coxton and three co-defendants were charged by Bill of Indictment in the Western District of North Carolina with violations of federal drug and gun laws (Doc. No. 1). The alleged activity was related to the shooting and killing of victim Marvin Clark on August 3, 2004. After Coxton's co-defendants entered guilty pleas in this case, the Government filed a Second Superseding Indictment on or about June 25, 2008, as to Defendant Coxton (Doc. No. 179). Between July 23 and July 30, 2008, Defendant Coxton was tried on these charges before a jury in Charlotte, North Carolina. The Victims in this case (family members of the deceased) and their legal representative (Jason B. Buffkin of the Crime Victim Legal Network) were present for at least portions of the trial. Defendant Coxton was convicted of the charges. The United States Probation Office filed the Draft Presentence Report on December 15, 2008 (Doc. No. 218), and the Final Presentence Report on February 13, 2009 (Doc. No. 228), both of which are under seal. Defendant Coxton's sentencing hearing is currently pending.

The Victims have moved for an order providing them access to the following portions of the presentence report ("PSR") prior to sentencing: (1) the background/statement of fact section; (2) the restitution section, including any discussion of losses and the Defendant's ability to pay; (3) the sentencing guidelines calculation section; and (4) the upward departure section. The Victims contend that they are entitled to disclosure pursuant to the Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771.

### II. STANDARD

Under 18 U.S.C. § 3552(d) and Federal Rule of Criminal Procedure 32(e)(2), PSRs are to be provided to the defendant, the defendant's counsel, and the attorney for the Government. While the rules do not specifically address the release of the report to third parties, it is well established that PSRs are confidential

documents, and there is a strong presumption against such disclosure. *See United States Dept. of Justice v. Julian*, 486 U.S. 1, 12, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988) ("[C]ourts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals."); *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976). In order to overcome this presumption, a third party must demonstrate that "lifting confidentiality is required to meet the ends of justice." *Figurski*, 545 F.2d at 391. Accordingly, this District's Local Rule on the subject is as follows:

> The probation officer's sentencing recommendation is a confidential record and shall not be disclosed, except pursuant to an Order of the Court. No confidential records of this Court maintained by the probation office, including but not limited to the sentencing recommendation, shall be sought by an applicant except by written petition to this Court establishing with particularity the need for specific information in the records.

L. Cr. R. 32.3, W.D.N.C.

The Victims in this case argue that the Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771, provides them with the implicit right to view parts of the PSR in order to prepare for sentencing. Congress passed the CVRA in 2004 in order to "give crime victims enforceable rights to participate in federal criminal proceedings," *United States v. BP Products North America Inc.*, No. H–07–434, 2008 WL 501321, at *7 (S.D.Tex. Feb. 21, 2008), and to correct the balance of a criminal justice system wherein "criminal defendants have an array of rights under law, [while] crime victims have few meaningful rights." 150 Cong. Rec. S4260, S4262 (daily ed. Apr. 22, 2004) (statement of Sen. Feinstein). The CVRA provides a crime victim[1] with the following rights:

(1) The right to be reasonably protected from the accused.

(2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.

(3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

(5) The reasonable right to confer with the attorney for the Government in the case.

(6) The right to full and timely restitution as provided in law.

(7) The right to proceedings free from unreasonable delay.

(8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

18 U.S.C. § 3771(a).

### III. ANALYSIS

 The Victims argue that their rights to be reasonably heard at sentencing and to full and timely restitution require access to the aforementioned portions of the PSR. The first half of this argument, that victims require the PSR in order to be reasonably heard at sentencing, has been explicitly rejected by the United States

---

1. Defined as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e).

Court of Appeals for the Fourth Circuit. *In re Brock*, 262 Fed.Appx. 510 (4th Cir. 2008). The victim in *Brock* requested the very same sections of the PSR that the Victims here request. *Id.* at 511. The district court denied the victim access based on 18 U.S.C. § 3552(d), Federal Rule of Criminal Procedure 32(e)(2), and the confidentiality principle within the District of Maryland's Local Rule 213(1)(a). *Id.* The Fourth Circuit affirmed, holding that the victim's right to be reasonably heard had been afforded, despite the district court's refusal to disclose portions of the PSR, because the victim "was provided ample information concerning the applicable Sentencing Guidelines and other issues related to the defendants' sentencing. And, of course, he did not need access to the PSR to describe the crime's impact on him." *Id.* at 512. The instant case is similar in that the Victims or their representative were present during the trial and continue to enjoy access to the United States Attorney's Office. (U.S. Mem., Doc. No. 230, at 7.) Thus, they already have ample information concerning sentencing without access to the PSR.

The holding of *In re Brock* was neither novel nor unexpected, as every court to address this issue has held that nothing in the CVRA or its legislative history requires the disclosure of the PSR. *In re Kenna*, 453 F.3d 1136, 1137 (9th Cir.2006) ("The district court rejected [the victim's] argument that § 3771 of the CVRA confers a general right for crime victims to obtain disclosure of the PSR. Failing to find support for [this] argument in either the language of the statute or the legislative history, we agree."); *BP Products*, 2008 WL 501321, at *9 ("Courts have not required victim access to PSRs under the CVRA."); *United States v. Sacane*, No. 3:05–cr–325, 2007 WL 951666, at *1 (D.Con. Mar. 28, 2007) ("Courts have consistently held that a crime victim does not have the right under the CVRA to obtain

information contained in a presentence report."); *United States v. Citgo Petroleum Corp.*, No. C–06–563, 2007 WL 2274393, at *2 (S.D.Tex. Aug. 8, 2007) ("[T]he [CVRA] does not require the disclosure of presentence investigation reports or other documents of a similar nature."); *United States v. Ingrassia*, No. CR–04–0455ADSJO, 2005 WL 2875220, at *17 (E.D.N.Y. Sept. 7, 2005) ("The [CVRA] no more requires disclosure of the pre-sentence report to meet its remedial goal of giving crime victims a voice in sentencing than it does disclosure of all discovery in a criminal case to promote the goal of giving victims a voice at plea proceedings.").

The Victims' second basis in arguing for disclosure, that they require the PSR in order to ensure their right to restitution, was considered by the District of Connecticut in *United States v. Sacane*, 2007 WL 951666, at * 1 ("The [victims] claim that without a court order compelling more detailed disclosures, the court will not have an accurate picture of the assets available for purposes of setting a payment schedule."). The court noted that because the information the victims sought had already been requested by the government, disclosure to the victims as an additional step was "not necessary" to ensure full and timely restitution. *Id.* at *2.

The Court is of the opinion that the same is true in this case. Both the Government and the Court will have access to the restitution section. The Victims have been and will continue to be afforded the opportunity to present their claims for appropriate restitution. Nothing in the PSR enhances or changes their claims. The Court will review the information in the PSR along with the Victims' claims and any other factors relevant to restitution, and will make its decision. Because the Victims' right to full and timely restitution can be ensured without disclosure of the

PSR, the Court sees no reason to disturb the presumption of confidentiality.

Given the strong presumption of confidentiality and the heavy weight of case law against disclosure of the PSR, the Court must agree with the Government and Defendant that nothing in the CVRA requires disclosure of the portions of the PSR that the Victims request. The Court recognizes scholarly commentary in opposition to this position, most notably that of Judge Paul Cassell, who argues that the CVRA's "guiding principle: that victims deserve their own rights in the criminal process" means that "victims have a right of access to relevant parts of the presentence report." Paul G. Cassell, *Treating Crime Victims Fairly: Integrating Victims into the Federal Rules of Criminal Procedure*, 2007 Utah L. Rev. 861, 933 (2007).[2] To that end, Judge Cassell advocates a change in Federal Rule of Criminal Procedure 32(e) in order to require the Government to disclose relevant parts of the PSR to victims. *Id.* at 928. The Court is sympathetic to this viewpoint, and to the Victims in this case, but the current state of the law, absent the change Judge Cassell suggests, simply does not support the disclosures the Victims have requested.

### CONCLUSION

The strong presumption against disclosure of the PSR to third parties is well represented in case law from both the United States Supreme Court and the Fourth Circuit. Given that authority, the additional authority holding that disclosure of the PSR is not mandatory under the CVRA, and the fact that both the Government and Defendant object to disclosure, the Victims' Motion for disclosure of certain portions of the PSR is hereby DENIED.

IT IS SO ORDERED.

---

**2.** Specifically, Judge Cassell argues for disclosure based on the victim's rights to be heard, to be treated with fairness, and to full and timely restitution. *Id.* at 932. He speaks most strongly about the right to be heard, arguing, "it is hard to see how victims can meaningfully provide 'any information' that would have a bearing on the sentence without being informed of the Guidelines calculations that likely will drive the sentence," *id.*, and "[i]t is not 'meaningful' for victims to make sentencing recommendations without the benefit of knowing what everyone else in that courtroom knows—what the recommended Guidelines range is," *id.* at 936.