**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ted A. LEWIS, Defendant–Appellant.**

**No. 88–15065.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 1989.

Decided July 25, 1989.

William Genego, Los Angeles, Cal., for defendant-appellant.

Sanford Svetcov, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HUG, HALL and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

Lewis was arrested on a criminal complaint charging him with intent to distribute methamphetamine and conspiracy to possess with intent to distribute methamphetamine. He was thereafter charged with distribution and production of methamphetamine.

After plea bargaining, Lewis filed a guilty plea and was sentenced on July 11, 1986. On July 29th, Lewis's attorney filed a document entitled "Notice of Intent to File Appeal." However, no actual notice of appeal was filed until December 16, 1986, beyond the statutory time limit. The court of appeals directed the district court to afford Lewis's attorney an opportunity to show excusable neglect. The district court ruled that he failed to show such neglect and the appeal eventually was dismissed.

On January 26, 1987, Lewis, with new counsel, filed this 28 U.S.C. § 2255 motion to vacate sentence alleging (1) failure of the district court to comply with Fed.R. Crim.P. 32 in imposing sentence; (2) imposition of sentence based on erroneous information; and (3) ineffective assistance of counsel. The district court denied the motion and an appeal was timely filed.

## I

Lewis first claims that his sentence was illegal because it was not imposed according to Fed.R.Crim.P. 32(a)(1)(A) and because it was based upon erroneous information.

### A

Appellant first contends either that he did not have an opportunity to read the presentence report or that the trial court failed to inquire directly of him whether or not he had read the presentence report and discussed it with counsel. Rule 32(a)(1)(A) requires that the court "determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report...." Lewis claims that he never read the report. Indeed, he asserts that he was provided the presentence report barely five minutes before sentence was imposed.

The record reveals, however, that Lewis's attorney volunteered to the court:

I thank the court for the time to have Mr. Lewis read and consider the presentence report.... I have read the report from Mr. Storm [the U.S. Probation Officer] and read the presentencing memorandum from the prosecution. I think that Mr. Storm adequately and accurately sets forth the plight of Mr. Lewis during the time that he committed this offense.

In addition, Lewis signed a written form dated July 11, 1986 entitled "Notice to Defendant Concerning the Presentence Investigation Report" on which he acknowledged: "I have read the presentence report."

■ We have previously held that a copy of the presentence report should be made available to counsel and defendant within a reasonable time before the sentencing hearing.[1] *United States v. Schlette*, 842 F.2d 1574, 1578 (9th Cir.), *modified*, 854 F.2d 359 (1988). This review is allowed to ensure the factual accuracy of the report.

---

1. 18 U.S.C. § 3552(d) (1987) became effective on November 1, 1987, after appellant's sentencing.

Thus, it has no impact on the timeliness of the presentence report.

*Id.* Furthermore, the court has an affirmative duty to ensure that defendant and his counsel have read the presentence report and have discussed it before sentencing. *Id.* We have not previously specified what actions are sufficient to fulfill that duty.

The Seventh Circuit has held that Rule 32 requires a sentencing court to inquire of defendant directly whether (1) defendant has had the opportunity to read the presentence report; (2) counsel and defendant have discussed the report; and (3) defendant wishes to challenge any facts in the report. *See United States v. Rone,* 743 F.2d 1169, 1174 (7th Cir.1984). That court allows a defendant to waive this questioning by a clear and unequivocal statement. *Id.*

Other circuits which have analyzed this issue have expressly rejected the *Rone* rule as being an unnecessary extension of Rule 32. *See United States v. Serino,* 835 F.2d 924, 931 (1st Cir.1987) ("Despite the court's failure to pose a specific question to defendant or his counsel concerning their familiarity with the presentence report, a review of the sentencing hearing persuades us that defendant and his counsel were abundantly familiar with the report" and "[a]ll that is required by Rule 32(a)(1)(A) is that the court determine that the defendant and his counsel have had the opportunity to read and discuss the report"); *United States v. Mays,* 798 F.2d 78, 80 (3d Cir. 1986) (rejecting the *Rone* rule because "the drafters of the Rule [32] did not intend to create an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the report and discuss it with counsel[,]" but instead "intended that the court need only *somehow* determine that the defendant has had this opportunity"); *United States v. Cortez,* 841 F.2d 456, 460–61 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 2829, 100 L.Ed.2d 929 (1988) (adopting the *Mays* rule and holding that the *Rone* rule is an inappropriate and unnecessary extension of Rule 32(a)(1) and the district court may draw reasonable inferences about whether defendant has had an opportunity to review the report and to discuss it with counsel); *see also United States v. Schultz,* 855 F.2d

1217, 1224–25 (6th Cir.1988) (because defense counsel acknowledged receipt of the report and had the opportunity to object but did not, the requirements of Rule 32 were substantially satisfied and his claim that the technical requirements of the rule were not met because the court did not ascertain that defendant had read and discussed the report deemed meritless); *United States v. Stevens,* 851 F.2d 140, 143–44 (6th Cir.1988) (adopting *Mays* and rejecting *Rone* where the defendant signed a statement verifying that he had read the sentencing report); *United States v. Aleman,* 832 F.2d 142, 144 n. 6 (11th Cir.1987) (rule fulfilled by allowing defense counsel opportunity to comment on the presentence report); *United States v. Miller,* 849 F.2d 896 (4th Cir.1988) (accepting *Mays*).

■ In our view, the plain language of Rule 32(a)(1)(A) requires that the court determine whether or not the defendant and his counsel have had the opportunity to read and discuss the report. *See Mays,* 798 F.2d at 80; *Stevens,* 851 F.2d at 143; *Aleman,* 832 F.2d at 144. The rule does not require the court to address a defendant directly concerning his knowledge of the presentence report. We will not impose such a requirement where Congress apparently has chosen to abstain from doing so.

By contrast, Rule 32(a)(1)(C) prescribes that "the court shall ... address the defendant personally and ask him if he wishes to make a statement in his own behalf...." *See Mays,* 798 F.2d at 80; *Cortez,* 841 F.2d at 460; *Aleman,* 832 F.2d at 144. The difference in language between these two parts of Rule 32 is not coincidental. *See Cortez,* 841 F.2d at 460 (noting the distinction between the two parts of the rule). Although *Rone* may suggest a better practice, *see Mays,* 798 F.2d at 80; *Cortez,* 841 F.2d at 461, Rule 32(a)(1)(A) does not require that the court specifically ask the defendant whether he has read the presentence report.

■ The requirements of Fed.R.Crim. P. 32(a)(1)(A) were fulfilled when Lewis's attorney told the sentencing judge that appellant had read the presentence report and

Lewis failed to dispute this assertion when personally addressed pursuant to Fed.R. Crim.P. 32(a)(1)(C). We hold that the requirements of Rule 32(a)(1)(A) are met when the sentencing judge reasonably relies on evidence indicating that a defendant has read the presentence report and discussed it with counsel. Lewis's failure to respond to the judge's questioning, combined with his attorney's clear statement, would be sufficient to meet the requirements of Rule 32(a)(1)(A). Further, his position is weakened by his having signed a form acknowledging that he had read the presentence report.

### B

■ Similarly, Lewis's sentence was not invalid. The Supreme Court has previously held that a sentence imposed on the basis of erroneous information is illegal. *See Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *see also Farrow v. United States,* 580 F.2d 1339 (9th Cir.1978) (en banc). However, the appellant must show that the challenged information is "(1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Ibarra,* 737 F.2d 825, 827 (9th Cir.1984) (quoting *Farrow,* 580 F.2d at 1359). In order to meet this burden, Lewis must cite where it "affirmatively appears in the record that the court *based* its sentence on improper information." *Farrow,* 580 F.2d at 1359 (emphasis in original). Lewis has not offered any evidence showing that the court relied on "false or unreliable" information. Thus, the district court's sentencing must be upheld.[2]

### II

Lewis next claims that he was denied effective assistance of counsel because his attorney failed to represent him adequately at sentencing and failed to file a timely

notice of appeal. We examine these claims in turn.

### A

The sixth amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984). This right applies both at trial and at sentencing. *See Jones v. United States,* 783 F.2d 1477, 1482 (9th Cir.1986). The appellant must show that the attorney's performance was not in accord with prevailing professional norms, and that the attorney's deficient performance prejudiced him. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Lewis has not met this standard.

■ Lewis has not shown that his presentencing report was inaccurate. Consequently, he has failed to show any prejudice that his lawyer could have prevented. Therefore, counsel's representation cannot be deemed ineffective.

### B

■ Appellant's further contention that his counsel was ineffective because of his failure to file a timely notice of appeal must also fail. Lewis pleaded guilty and therefore there were no grounds which a direct appeal could have considered except the sentencing issues preserved in the section 2225 petition. These issues have been considered here. Therefore, there was no prejudice within the meaning of *Strickland.*

### III

Appellant asks that this court assign this case to another judge for resentencing. This issue is moot as a result of our conclusion that Lewis's sentence was not illegally

---

**2.** Appellant may also be arguing that the trial court did not properly rely upon the government's recommendation of a reduced sentence. However, the trial court is free to reject such recommendation. *See* Fed.R.Crim.P. 11(e)(1), (2); *see also Smith v. United States,* 670 F.2d 145, 147 (11th Cir.1982). "Sentencing recommendations by the prosecution are just that, *recommendations,* which may be considered by, but cannot be made binding on, the judge." *Id.* Lewis has failed to demonstrate that the trial court was bound to give effect to the government's assessment that his cooperation was valuable and merited a reduced sentence.

imposed and that he was not denied effective assistance of counsel.

AFFIRMED.