892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Keith ALLEN, aka: Tony Mitchell, Defendant-Appellant.
 No. 88-15418.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 25, 1989.*
Decided Dec. 21, 1989.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allen appeals pro se the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255, alleging that he was denied effective assistance of counsel and that his sentence was illegal under Fed.R.Crim.P. 32.
 
 
 3
 Allen was not deprived of the direct appeal of his conviction due to ineffectiveness of counsel. The record establishes that counsel withdrew the appeal with Allen's express written consent. Allen has failed to demonstrate either that his counsel's conduct "fell below an objective standard of reasonableness," or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the outcome of the proceeding would have been different. Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).
 
 
 4
 Allen's contention that his sentence is illegal because the sentencing judge failed to comply with Fed.R.Crim.P. 32 is also without merit. The record establishes that appellant was given an adequate opportunity to read the presentence report and to discuss it with counsel, and that defendant in fact did so, thus satisfying Rule 32(a)(1). See United States v. Lewis, 880 F.2d 243 (9th Cir.1989). The court's alleged noncompliance with Rule 32(a)(2) by neglecting to inform Allen of his right to appeal is at most harmless error, since Allen filed a timely notice of appeal (which he later withdrew). See Fed.R.Crim.P. 52. Finally, in imposing sentence, Judge Burke made the determination that Allen was a heroin dealer. Allen has failed to prove that this determination was "false or unreliable," as he must do in order to prevail on his 28 U.S.C. sec. 2255 motion attacking his sentence. See Jones v. United States, 783 F.2d 1477, 1481 (9th Cir.1986); United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3