952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Armando REGINO-DELGADO, aka Armando Delgado-Regino,
Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Armando REGINO-DELGADO, aka Armando Delgado-Regino,
Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 89-55084, 90-55146.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Jan. 13, 1992.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTUAL BACKGROUND
 
 2
 Armando Regino-Delgado was charged with seven counts of violating federal narcotics laws. On March 18, 1986, he pleaded guilty to two of these counts. In exchange for his plea, the government dismissed the remaining five counts. Regino-Delgado was sentenced to fifteen years in prison on each of the two counts, to run consecutively. Execution of the sentence on the second count was suspended and as to this count Regino-Delgado was placed on probation for five years; a special parole term of thirty years was imposed.
 
 
 3
 Pursuant to 28 U.S.C. § 2255,[1] Regino-Delgado filed two motions to vacate his conviction and sentence. In his first motion, he alleged that the district court erred by failing to inquire into the voluntariness of his guilty plea as required by Federal Rule of Criminal Procedure 11.[2] In his second motion, he asserted he was denied due process because he was not given a meaningful opportunity to review his presentence report before his sentencing hearing. The district court denied both motions. This appeal followed.[3]
 
 
 4
 After Regino-Delgado's notice of appeal was filed, it was discovered that the reporter's transcript of his change-of-plea hearing was missing. As a result, we ordered the record of the change-of-plea hearing to be recreated according to the procedure prescribed by Federal Rule of Appellate Procedure 10(c).[4] In response to this order, Regino-Delgado and the government filed statements reflecting significantly different versions of the plea hearing. Regino-Delgado's one-page statement asserted that:
 
 
 5
 1. The Court asked the defendant whether or not he changed his plea to guilty from not guilty. Defendant stated he changed his plea to guilty;
 
 
 6
 2. Defendant advises court even though he was not guilty he was changing his plea to guilty because he was being forced to change the plea;
 
 
 7
 3. Court accepts guilty plea and orders the Pre-Sentence Investigation Report be prepared;
 
 
 8
 4. The court adjourns the proceedings with sentencing.
 
 
 9
 In support of this statement, Regino-Delgado offered his personal declaration based upon his memory of the hearing.
 
 
 10
 The government disagreed with Regino-Delgado's version. The government submitted the declaration of a United States attorney who asserted that she had spoken with the attorney who represented Regino-Delgado at his change-of-plea hearing. That attorney stated it was his practice to insure that the court scrupulously followed Rule 11 and he would not have allowed Regino-Delgado to plead guilty unless he was convinced Regino-Delgado was acting voluntarily. The government also submitted the minute order from the change-of-plea hearing which provides in pertinent part:
 
 
 11
 Defendant Armando Regino-Delgado moves to change his plea to the Indictment. Defendant now enters a new and different plea of guilty to count(s) 1 and 2 of the Indictment. Court questions the defendant regarding his plea and finds it knowledgeable and voluntary and orders the plea accepted and entered.
 
 
 12
 In light of the divergent positions as to what happened at the change-of-plea hearing, Regino-Delgado requested an evidentiary hearing to assist the district court in reconstructing the hearing record. After receiving each party's statements, but without conducting an evidentiary hearing, the district court adopted a version of events which mirrored the statement submitted by the government. Regino-Delgado contends this reconstructed record is inadequate and does not fairly represent the events at the change-of-plea hearing. He argues that the absence of the original hearing transcript precludes us from properly reviewing the district court's denial of his section 2255 motions.
 
 DISCUSSION
 A. Sufficiency of the Reconstructed Record
 
 13
 As we recently stated, "[a] criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial." United States v. Carrillo, 902 F.2d 1405, 1409 (9th Cir.1990). When a complete transcript cannot be produced, however, automatic reversal is not necessarily required. Id., see also Bergerco, U.S.A. v. Shipping Corp. of India, Ltd., 896 F.2d 1210, 1217 (9th Cir.1990) ("in civil, as well as criminal cases, the lack of a complete transcript does not automatically warrant reversal"). Rather, pursuant to Federal Rule of Appellate Procedure 10(c), the district court may attempt to reconstruct the missing transcript in order to provide an adequate record on appeal. Once the record is reconstructed, the lack of an original transcript will only necessitate a new trial when the trial court's certification that the transcript is accurate and complete is clearly erroneous. Carrillo, 902 F.2d at 1410.
 
 
 14
 There is considerable evidence which supports the version of events ultimately adopted by the district court. According to the Assistant United States Attorney's declaration, all parties involved in the proceeding, including Regino-Delgado's former counsel, indicated that Judge Real conducted a thorough examination of Regino-Delgado before accepting his guilty plea. The minute order entered immediately following the hearing states, "Court questions the defendant regarding his plea and finds it knowledgeable and voluntary...." It is reasonable to conclude from the declaration submitted by the Assistant United States Attorney that had Judge Real failed to comply with Rule 11, Regino-Delgado's counsel who then represented him would have brought this omission to the attention of the court. This did not happen. Moreover, at the sentencing hearing, despite ample opportunity to do so, Regino-Delgado raised no objection with regard to his change of plea.
 
 
 15
 In contrast to the evidence presented by the government, Regino-Delgado submitted only his declaration. In this declaration he asserted that he changed his plea "to guilty because he was being forced to change the plea." The record, however, belies this. At his sentencing hearing, Regino-Delgado stated: "I want to say I know I committed a crime and I am guilty of what I did...."
 
 
 16
 We conclude that Judge Real's decision to accept the government's version of the events at the change-of-plea hearing was not clearly erroneous. The reconstructed record is sufficient to allow us to review Regino-Delgado's claims of error.
 
 
 17
 B. Voluntariness of Regino-Delgado's Guilty Plea
 
 
 18
 Federal Rule of Criminal Procedure 11 sets forth the statutory requirements for ensuring that a guilty plea entered in a federal court is knowing, intelligent, and voluntary. See, e.g., United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990). To comply with this rule, a district court must directly address the defendant in open court in order to inform him of his rights, insure that he understands these rights, and determine that his decision to waive these rights by entering a guilty plea is voluntary. Fed.R.Crim.P. 11(c) and (d). "Failure to comply with Rule 11 entitles a federal defendant to have his guilty plea set aside and his case remanded for another hearing at which he may plead anew." United States v. Segal, 549 F.2d 1293, 1295-96 (9th Cir.1977), cert. denied, 431 U.S. 919 (1977).
 
 
 19
 According to the recreated record adopted by the district court, Judge Real satisfied each of the relevant requirements of Rule 11. Judge Real specifically advised Regino-Delgado of the nature of the charges against him, the provisions of the plea agreement, the statutory maximum sentence, and the constitutional rights he was giving up by entering a guilty plea. When Judge Real asked Regino-Delgado whether his plea was "entirely free and voluntary," Regino-Delgado unambiguously responded, "yes." We conclude that the district court fully complied with the requirements of Rule 11 before accepting Regino-Delgado's guilty plea.
 
 
 20
 C. Regino-Delgado's Review of the Presentence Report
 
 
 21
 A criminal defendant is entitled to receive and review a copy of the presentence report within a reasonable time before his sentencing hearing. United States v. Lewis, 880 F.2d 243, 244 (9th Cir.1989).[5] In order to ensure that the report is accurate, the district court is required to ascertain whether the defendant and his counsel have read and discussed the report prior to sentencing. Fed.R.Crim.P. 32(a)(1)(A).[6] Once the court complies with Rule 32(a)(1)(A), a defendant's failure to assert the lack of a meaningful opportunity to review the presentence report "effectively waive[s] his right to an earlier receipt of the report." United States v. Turner, 898 F.2d 705, 714 (9th Cir.1990), cert. denied, 110 S.Ct. 2574 (1990); see also Shah, 878 F.2d at 1163.
 
 
 22
 In Lewis, a federal prisoner challenged his sentence, claiming that he was not given sufficient time to review the presentence report before his sentencing hearing. The record showed, however, that not only had Lewis's attorney volunteered to the court that both he and the defendant had reviewed the report and believed it to be accurate, but that Lewis had also personally signed a statement acknowledging that he had read the report. In rejecting the appellant's claim, we concluded that, "[t]he requirements of [Rule] 32(a)(1)(A) were fulfilled when Lewis's attorney told the sentencing judge that appellant had read the presentence report and Lewis failed to dispute this assertion when personally addressed [by the court]." Id. at 245-46.
 
 
 23
 The facts in the present case are strikingly similar to those in Lewis. Here, Regino-Delgado's attorney stated he had read the presentence report and had found only one minor typographical error. Further, the court specifically questioned Regino-Delgado about the report:[7]
 
 
 24
 The Court: Mr. Regino, have you had an opportunity to red [sic] the probation reports?
 
 
 25
 The Defendant: Yes.
 
 
 26
 The Court: Any additions or corrections which you wish to make [to] the report?
 
 
 27
 The Defendant: No, your honor.
 
 
 28
 This exchange and the statements of Regino-Delgado's attorney are sufficient to establish the district court's compliance with Rule 32(a)(1)(A).
 
 AFFIRMED.[8]
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 28 U.S.C. § 2255 provides:
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence.
 
 
 [2]
 Federal Rule of Criminal Procedure 11 provides in pertinent part:
 Before accepting a plea of guilty ... the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
 (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term and, when applicable ...
 (3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to cross-examine witnesses against him, and the right not to be compelled to incriminate himself ...
 (4) that if his plea ... is accepted by the court there will not be a further trial of any kind, so that by pleading guilty ... he waives the right to a trial ...
 The court shall not accept a plea of guilty ... without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement....
 
 
 [3]
 Regino-Delgado appealed the denial of each motion separately (Nos. 89-55084 and 90-55146). These appeals were subsequently consolidated by order of this court on September 25, 1990
 
 
 [4]
 Federal Rule of Appellate Procedure 10(c) provides in pertinent part:
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal.
 
 
 [5]
 18 U.S.C. § 3552(d) requires that a copy of the presentence report be made available to a criminal defendant at least ten days prior to his sentencing hearing. This section was enacted on November 1, 1987, however, and only applies to sentences imposed after that date. See, e.g., Shah v. United States, 878 F.2d 1156, 1163 (9th Cir.1989), cert. denied, 110 S.Ct. 195 (1989). Because Regino-Delgado was sentenced in 1986, this section is of no help to him
 
 
 [6]
 This rule provides, in relevant part:
 Before imposing sentence, the court shall also ... determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B).
 
 
 [7]
 The transcript of the sentencing hearing indicates that the court used the term "probation reports" when examining the appellant under Rule 32(a)(1)(A). However, it appears clear from the context of the statement, as well as from its treatment in the briefs, that all parties concerned understood the court to be referring to the presentence report
 
 
 [8]
 Regino-Delgado's "Motion to Augment Record" filed June 29, 1989 is denied. His "Objection to Certificate of Record Submitted" is denied as moot in view of this memorandum disposition