956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Raymond KEITH, Defendant-Appellant.
 No. 86-6383.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1992.*
Decided March 12, 1992.
 
 Before POOLE, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Raymond Keith ("Keith") appeals from the district court's denial of his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, arguing that he was neither afforded the opportunity to review his presentence report ("PSR") prior to sentencing nor asked by the court if he had done so, and that the court relied on inaccurate information in imposing sentence. We reject these contentions and affirm.
 
 
 3
 At the time of Keith's sentencing, Fed.R.Crim.P. 32(a)(1)(A) provided in relevant part that, "Before imposing sentence the court shall determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report...." However, this rule "does not require the court to address a defendant directly concerning his knowledge of the presentence report," i.e., the requirements of the rule are satisfied if the court "reasonably relies on evidence indicating that a defendant has read the presentence report and discussed it with counsel." United States v. Lewis, 880 F.2d 243, 245-46 (9th Cir.1989).
 
 
 4
 The record shows that the court discussed with Mr. O'Neill, Keith's counsel, the PSR as well as Keith's and the government's sentencing memoranda. The court asked Mr. O'Neill if he had "gone over" these items with his client, and Mr. O'Neill answered in the affirmative. Keith was not only present throughout this colloquy, he voiced no objection to his counsel's statements and said nothing during his allocution about not having seen the PSR. There was no reversible error on this point. See United States v. Maree, 934 F.2d 196, 199-200 (9th Cir.1991) (citing Lewis, supra).
 
 
 5
 Keith's second claim of error is equally meritless. Keith not only failed to object to the content of the PSR when he had the opportunity to do so, see United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990) (failure to object to facts set out in PSR constitutes waiver of that right, citing United States v. Donn, 661 F.2d 820, 824 (9th Cir.1981)), but he has also failed to allege and show what information was inaccurate or that the court relied thereon in imposing sentence. See Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc) (one challenging PSR must show both falsity of report's information and that sentence was based on that false information).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3