19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary A. HERSHKOWITZ, Defendant-Appellant.
 No. 93-30284.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary A. Hershkowitz appeals his sentence for possession of marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 846. We affirm.
 
 
 3
 Hershkowitz pleaded guilty. At the sentencing hearing, the following colloquy occurred:
 
 
 4
 THE COURT: And Mr. Olson, you have had a copy of the presentence?
 
 
 5
 MR. OLSON [defense counsel]: I have your honor, and I have had--
 
 
 6
 THE COURT: You have gone over it?
 
 
 7
 MR. OLSON: Yes, we have.
 
 
 8
 THE COURT: Any additions?
 
 
 9
 MR. OLSON: No, sir.
 
 
 10
 THE COURT: All right. Is there any legal reason why sentence should not be pronounced?
 
 
 11
 MR. OLSON: No, sir.
 
 
 12
 THE COURT: Mr. Hershkowitz, do you know of any?
 
 
 13
 THE DEFENDANT: No, I do not.
 
 
 14
 THE COURT: Rostad?
 
 
 15
 MR. ROSTAD [AUSA]: We know of none, your honor.
 
 
 16
 THE COURT: All right, Mr. Olson, do you wish to make a statement?
 
 
 17
 MR. OLSON: Yes, your honor. I ...
 
 
 18
 * * *
 
 
 19
 THE COURT: Mr. Hershkowitz, do you wish to say anything?
 
 
 20
 THE DEFENDANT: I would just like to apologize to the court for all the trouble I've caused and....
 
 
 21
 Hershkowitz argues that the district court violated Fed.R.Crim.P. 32(a)(1)(A). That rule reads, in part:
 
 
 22
 Before imposing sentence, the court shall also--
 
 
 23
 (A) determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B).
 
 
 24
 The plain language of the rule "requires that the court determine whether or not the defendant and his counsel have had the opportunity to read and discuss the report." United States v. Lewis, 880 F.2d 243, 245 (9th Cir.1989). It does not require that the court "specifically ask the defendant whether he has read the presentence report." Id. The requirements of the rule are met when the court "relies on evidence indicating that a defendant has read the presentence report and discussed it with counsel." Id. at 246 (emphasis added).
 
 
 25
 Hershkowitz argues that this case is "remarkably similar" to United States v. Sustaita, 1 F.2d 950 (9th Cir.1993). In Sustaita, the defendant's counsel filed a memorandum objecting to the presentence report before the sentencing hearing. At the hearing, the attorney said:
 
 
 26
 The objection that we have filed, the objection that we feel is appropriate in light of the recommendation submitted by the probation office is that the calculations upon which they base their quantity to me strikes at the very fundamental judicial system that we have in our country.
 
 
 27
 Id. at 953 (emphasis in original).
 
 
 28
 We said the "fact that Sustaita's counsel used the word 'we' twice is an insufficient basis to find that Sustaita read the presentence report." Id. The district court failed to meet the Lewis standard. Id.
 
 
 29
 Sustaita is distinguishable. Sustaita's counsel's use of the word "we" was insufficient because it was in reference to a memorandum he filed. A defendant is far removed from that process and there is no reason to believe that he read the presentence report in that context.
 
 
 30
 However, we find that attorney Olson's use of the word "we" in response to the court's question about whether counsel reviewed the presentence report is distinguishable. Immediately following this question, the court asked both Olson and Hershkowitz if there was any legal reason why sentence should not be pronounced. Both answered no. In this context, there is sufficient evidence to indicate that Hershkowitz read the presentence report and discussed it with counsel. Lewis, 880 F.2d at 246.
 
 
 31
 Even if the judge did violate Rule 32, we find the error harmless. In Sustaita, we said that harmless error may be appropriate if "it is clear that no prejudice resulted." Sustaita, 1 F.3d at 954. We cited with approval United States v. Rodriguez-Luna, 937 F.2d 1208 (7th Cir.1991). In that case, remand was unnecessary because of two factors: 1) the defendant failed to allege that he had not read or discussed the report; and 2) the defendant failed to identify any fact that he was prevented from disputing as a result of the judge's violation of Rule 32. Id. at 1213.
 
 
 32
 Like Rodriguez-Luna, Hershkowitz fails to allege that he did not read or discuss the presentence report. Notably, Hershkowitz only alleges that he "was never afforded an opportunity to comment on the Presentence Investigation Report." This is incorrect because the judge specifically asked Hershkowitz and his attorney if there was any legal reason why sentence should not be pronounced. Later, he asked Hershkowitz if he wanted to make a personal statement.
 
 
 33
 Moreover, Hershkowitz fails to identify any factual finding that he would have disputed had he been given the opportunity. He merely says that he "could have tried to contradict some of the factual findings in the report, as well as the ultimate conclusion that there were no factors warranting a downward departure." This is distinguishable from Sustaita, where the defendant was unable to "contradict the report's factual finding that the conspiracy involved five kilograms of heroin." Sustaita, 1 F.3d at 954.
 
 
 34
 There was sufficient evidence to indicate that Hershkowitz read the presentence report. Even if the judge erred, we find no prejudice.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3