61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Princewill Ezenwa EZEBUIHE, Defendant-Appellant
 No. 94-50342.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1995.*
Decided July 18, 1995.
 
 Before: LAY,** BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The Defendant, Princewill Ezenwa Ezebuihe, appeals his jury conviction for conspiracy to import heroin (21 U.S.C. Sec. 963), aiding and abetting the importation of heroin (21 U.S.C. Sec. 952(a)(2); 18 U.S.C. Sec. 2(a)), and aiding and abetting the possession of heroin with the intent to distribute (21 U.S.C. Sec. 841(a)(1); 18 U.S.C. Sec. 2(a)).
 
 
 3
 Appellant raises three claims on appeal: that the district court should have appointed him an interpreter for the entire trial (Ezebuihe is a Nigerian native whose first language is Ibo); that his trial counsel rendered ineffective assistance by not requesting an interpreter for the entire trial; and that the district court erred by not adequately determining whether he had read the pre-sentence report prior to sentencing.
 
 I. Appointment of an Interpreter
 
 4
 Title 28 of the U.S. Code, Section 1827(d)(1) provides, in pertinent part, as follows:
 
 
 5
 The presiding judicial officer ... shall utilize the services of the most available certified interpreter ... if the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including the defendant in a criminal case) ... speaks only or primarily a language other than the English language ... so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer.
 
 
 6
 The issue of whether a defendant needs an interpreter is a factual determination made by the trial judge and is reviewed for clear error only. Gonzalez v. U.S., 33 F.3d 1047, 1050 (9th Cir. 1994).
 
 
 7
 When preparing to testify on his own behalf, Appellant requested an interpreter and was given permission to secure one by the district judge. In addition, one of the Government's key pieces of evidence against Appellant was a recorded telephone conversation in which Appellant was speaking in Ibo. Appellant maintains that those two factors should have signaled the district judge that Appellant needed an interpreter for the entire trial.
 
 
 8
 However, Appellant never raised an objection that he did not understand the proceedings. To the contrary, Appellant's trial counsel explicitly represented to the court that the request for an interpreter was not an indication that Appellant did not understand the proceedings up to that point. The district court did not clearly err by not appointing Appellant an interpreter for the entire trial.
 
 II. Ineffective Assistance
 
 9
 We cannot review Appellant's ineffective assistance of counsel claim on direct appeal because the record is not sufficiently developed to permit review and determination of the issues. Appellant asserts that he had asked his trial attorney for an interpreter for the entire trial and his attorney failed to secure one. However, Appellant's trial counsel submitted a declaration stating that Appellant never asked for an interpreter. Unresolved factual issues require an appellate court to deny review of an ineffective assistance claim on direct appeal. U.S. v. Robinson, 967 F.2d 287, 290-91 (9th Cir. 1992).
 
 III. Pre-Sentence Report
 
 10
 At the time that Appellant was sentenced in June of 1994, Federal Rule of Criminal Procedure 32(a)(1)(A) provided as follows: "Before imposing sentence, the court shall also determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report."[1] Appellant alleges that the district judge never determined whether Appellant had read the pre-sentence report and discussed it with his counsel.
 
 
 11
 "Rule 32(a)(1)(A) does not require that the court specifically ask the defendant whether he has read the presentence report." U.S. v. Lewis, 880 F.2d 243, 245 (9th Cir. 1989). "[T]he requirements of Rule 32(a)(1)(A) are met when the sentencing judge reasonably relies on evidence indicating that a defendant has read the presentence report and discussed it with counsel." Id. at 246.
 
 
 12
 During the sentencing hearing, the district judge asked Appellant's counsel if there was anything in the pre-sentence report that he would like to contest. Appellant's counsel responded, "No, your Honor. I'd just -- with respect to paragraph 49, my client's advised me that he'd like to contest the two-level increase ... for role in the offense." That statement was a sufficient indication to the district judge that Appellant had read the pre-sentence report and discussed it with his counsel.
 
 
 13
 Furthermore, Appellant has failed to specify what, if any, inaccuracies were contained in the pre-sentence report and, indeed, he has not even made the threshold allegation that he actually failed to read the pre-sentence report. He has made no showing of prejudice, and any violation of Rule 32 was harmless. See Davila-Escovedo, 36 F.3d 840, 844 (9th Cir. 1994).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The 1994 Amendment to the Rule moved this section to 32(c)(3)(A), which now reads as follows: "Before imposing sentence, the court must verify that the defendant and the defendant's counsel have read and discussed the presentence report."