87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edmond A. GRAY, Petitioner-Appellant,
v.
Tana WOOD, Superintendent, Washington State Prison;
Christine Gregoire, Attorney General, Washington
State, Respondents-Appellees.
 No. 95-35841.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edmund A. Gray, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his state parole revocation and sentence, following his plea of guilty to two counts of felony incest. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 In 1960, having been convicted of three counts of first degree murder, Gray was sentenced to serve three consecutive life sentences. In 1981, however, Gray was paroled, receiving a conditional release from supervision. In October 1992, Gray was charged with violating a condition of his parole by committing the felony of sexually abusing his adopted daughter. On November 10, 1992, Gray was convicted, after an Alford plea, of two counts of first degree incest, and sentenced to serve concurrent sentences of 75 months and 41 months. In February 1993, the Indeterminate Sentence Review Board concluded that Gray had violated a condition of his parole because he was convicted of a new felony, revoked Gray's parole, and set Gray's new minimum term of imprisonment at 60 months.
 
 
 4
 On December 9, 1994, Gray filed a habeas petition in the district court in which he alleged that his constitutional rights were violated by his arrest, his conviction, and his sentence because they were based on false information and evidence. On January 24, 1995, the district court dismissed with prejudice Gray's contentions regarding his arrest and conviction on the ground that federal habeas corpus review did not extend to Fourth Amendment claims unless the state failed to provide a full and fair opportunity to litigate such claims, and because Gray had not been deprived of such an opportunity. The court granted Gray leave to amend his petition, however, in order to allow Gray the opportunity to state facts necessary to constitute the elements of his claims that (1) his sentence was based on false information, and (2) his parole was revoked without due process.
 
 
 5
 On February 3, 1995, Gray filed an amended petition. On July 21, 1995, the district court dismissed Gray's petition because: (1) Gray failed to present any evidence indicating that his sentence was based on false evidence; and (2) Gray stated no facts which indicated that he was denied minimum due process under Morrisey v. Brewer, 408 U.S. 471 (1972), at his parole revocation hearing.
 
 III
 Discussion
 
 6
 On appeal, Gray contends that the district court erred in ruling that Gray had stated no facts which indicated that he was denied minimum due process under Morrisey v. Brewer, 408 U.S. 471 (1972), at his parole revocation hearing. This contention lacks merit.
 
 
 7
 In Morrisey v. Brewer, the Supreme Court established the minimum guidelines to be used to assess whether a parole revocation hearing conforms to due process: (1) written notice must be provided of the alleged parole violations; (2) the evidence against the parolee must be disclosed to him; (3) the parolee must be given an opportunity to be heard and to present evidence; (4) the parolee must be given an opportunity to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation; (5) the parolee is entitled to a neutral and detached hearing body; and (6) the parolee is entitled to a written statement as to the evidence relied upon and the reason for revoking of parole.
 
 
 8
 Here, Gray's amended petition includes the following allegations. First, Gray alleges that on October 8, 1992, he received written notice of the three alleged parole violations. Second, also on October 8, 1992, Gray signed a form outlining his rights and privileges under Washington State law, which include the minimum due process rights set out in Morrissey, acknowledging that he had read and understood such rights. Third, Gray filled out and signed a form regarding his alleged parole violations, in which he stated that as to the second and third counts alleged, he "will admit to some degree of guilt." Fourth, on January 14, 1993, the Indeterminate Sentencing Review Board sent Gray, or his attorney, a copy of its finding of probable cause to conduct a parole revocation hearing and a notice of a parole revocation hearing scheduled for January 27, 1993. Gray further alleges that prior to the hearing his attorney had him sign a waiver, apparently a waiver of his right to appear. Finally, Gray did not allege that the parole revocation board lacked neutrality or that it failed to provide him with the evidence relied upon and the reason for revoking of parole.
 
 
 9
 Accordingly, the district court did not err in ruling that Gray stated no facts which indicated that he was denied minimum due process under Morrisey v. Brewer, 408 U.S. 471 (1972), at his parole revocation hearing.
 
 
 10
 Gray also contends that the district court erred in ruling that Gray failed to present any evidence indicating that his sentence was based on false evidence. This contention lacks merit.
 
 
 11
 The Supreme Court has held that a sentence imposed on the basis of erroneous information violates due process. See Townsend v. Burke, 334 U.S. 736, 741 (1948); see also Farrow v. United States, 580 F.2d 1339, 1358 (9th Cir.1978) (en banc). "However, the appellant must show that the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." United States v. Lewis, 880 F.2d 243, 246 (9th Cir.1989) (citations and quotations omitted). In order to meet this burden, Gray "must cite where it affirmatively appears in the record that the court based its information on improper information." Id. (quotation omitted). Gray has not offered any evidence showing that the court relied on "false or unreliable" information.
 
 
 12
 Accordingly, the district court did not err in ruling that Gray failed to present any evidence indicating that his sentence was based on false evidence.[1][2]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gray's March 4, 1996 motion to file a supplemental brief is granted, and the supplemental brief is ordered filed
 
 
 [2]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal