**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIE WALTER FRISBY,

      Defendant - Appellant.

No. 98-5160

(D.C. No. 97-CR-81-BU)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Willie Walter Frisby appeals his sentence on the ground that, by failing to ascertain whether he or his counsel had read the presentence report and failing to allow his counsel an opportunity to comment on

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the report, the district court did not comply with Rule 32 of the Federal Rules of Criminal Procedure.

On August 22, 1997, Defendant was charged with knowingly executing and attempting to execute a scheme and artifice to defraud a bank by fraudulently cashing or causing to be cashed a forged check in the amount of $2,400 in violation of 18 U.S.C. §§ 2(b) and 1344(1). Defendant subsequently entered a plea of guilty to this charge.[1] The record shows that Defendant and his wife, Bettina Lee Frisby, defrauded three of his wife's former employers of over $600,000 by forging and depositing checks drawn on the employers' accounts. Although Defendant's participation in the fraud appears to have been less extensive than his wife's, Ms. Frisby made out a number of checks in Defendant's name. Knowing that the checks were forged, Defendant then would either cash the checks or deposit them into a bank account. Ms. Frisby also made payable to third parties numerous checks drawn on her employers' accounts. The Frisbys used these checks to pay for various goods and services which they acquired and to pay their creditors, medical providers, and the Bankruptcy Trustee of the Northern District of Oklahoma.

---

[1]Although the information charged Defendant as a principal under 18 U.S.C. § 2(b), see R., Vol. I, Doc. 7 at 3, the judgment indicates that Defendant pled guilty to aiding and abetting under 18 U.S.C. § 2(a). See id., Doc. 37 at 1. This discrepancy is immaterial because in either case Defendant is punishable as a principal. See 18 U.S.C. § 2(a)-(b).

In accordance with the recommendations set forth in the presence report, the district court found that Defendant's total offense level was 18,[2] his criminal history category was I, and the guideline range was 27 to 33 months. The court sentenced Defendant to 30 months' imprisonment followed by 3 years' supervised release and ordered him to pay restitution jointly and severally with his wife in the amount of $537,071.79. The court further indicated that Defendant would be given credit for any amount paid by his wife in satisfaction of the restitution order. Defendant timely filed a notice of appeal, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

In this appeal, Defendant argues that, in violation of Rule 32 of the Federal Rules of Criminal Procedure, "the trial court made no effort to ascertain whether [Defendant] or his counsel had read the presence report or had any objections to its contents." Appellant's Br. at 9. More specifically, Defendant claims that

---

[2]Although the transcript indicates that the district court determined that the appropriate offense level was 14, see R., Vol. IV at 5, other sources in the record indicate that the actual offense level was 18. See, e.g., id. Vol. I, Doc. 37 at 5; id. Vol. II at 10; Appellant's Br. at 7. The Sentencing Guidelines, as applied in the presence report, confirm that the appropriate offense level is 18: the base offense level for a violation of 18 U.S.C. § 1344 is 6, see U.S. SENTENCING GUIDELINES § 2F1.1(a); the offense level is increased by 8 points because the total loss attributable to Defendant exceeds $200,000 but is less than $350,000, see id. § 2F1.1(b)(1)(I); the offense level is increased by 2 points because the offense involved more than minimal planning and a scheme to defraud more than one victim, see id. § 2F1.1(b)(2); and the offense level is further increased by 2 points for obstruction of justice, see id. § 3C1.1.

the court failed to verify that Defendant and his counsel read and discussed the presence report in violation of Rule 32(c)(3)(A) and failed to afford Defendant's counsel an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence in violation of Rule 32(c)(1).[3]

At the sentencing hearing, Defendant did not object to the district court's alleged violations of Rule 32. Accordingly, "our review is limited to determining whether [these] alleged failure[s] . . . amounted to plain error, that is, an 'obvious and substantial' error." United States v. Williamson, 53 F.3d 1500, 1527 (10th Cir.), cert. denied sub nom. Dryden v. United States, 516 U.S. 882 (1995); see also Fed. R. Crim. P. 52(b).

Upon a review of the sentencing hearing transcript, we conclude that the district court satisfied the requirement of Rule 32(c)(1) by repeatedly offering Defendant and his counsel an opportunity to comment on the sentence. The court asked whether Defendant or his counsel had any evidence to submit to the court,

---

[3]Defendant also asserts that the trial court failed to "'give [Defendant] and [his] counsel a reasonable opportunity to comment'" on the presence report in violation of Rule 32(c)(3)(A). Appellant's Opening Br. at 9 (quoting Fed. R. Crim. Proc. 32(c)(3)(A)). However, as a technical matter, Rule 32(c)(3)(A) only requires the court to allow Defendant and his counsel a reasonable opportunity to comment on any information not included in the report but on which the court will rely in determining a sentence. See Fed. R. Crim. P. 32(c)(3)(A). Defendant has not alleged that the court relied on such information, nor is there any indication in the record that the court did so.

see R., Vol. VI at 2 & 4, whether his counsel had "any statement . . . to make . . . regarding [Defendant] prior to sentencing," id. at 4, whether there was "any reason why sentence should not be imposed," id. at 6, and, at the end of the hearing, whether the parties had anything further to add to the matter of sentencing. See id. at 8. Additionally, the record reveals that there were no objections to the presentence report on which the court was required to rule. In light of this evidence, we conclude that the district court did not violate Rule 32(c)(1) of the Federal Rules of Criminal Procedure.

Whether the district court violated Rule 32(c)(3)(A) is only a slightly closer question. Our review of the sentencing hearing transcript, however, indicates that the district court did not violate Rule 32(c)(3)(A). In fact, the first question the court asked at the sentencing hearing was whether the parties and their counsel—including Defendant and his counsel—had "received and review[ed] the presentence investigation report." R., Vol. IV at 2. Defendant's counsel answered "Yes" to the court's inquiry. Id. This brief colloquy seems to satisfy the court's duty to verify that Defendant and his counsel read and discussed the presentence report under Rule 32(c)(3)(A). See United States v. Rangel-Arreola, 991 F.2d 1519, 1525 (10th Cir. 1993) (holding that "the sentencing court 'may draw reasonable inferences from . . . the defendant's statements[] and counsel's statements' in determining whether the defendant and counsel had the opportunity

to read and discuss the presentence report" (citation omitted)); United States v. Lewis, 880 F.2d 243, 245-46 (9th Cir. 1989) (holding that rule requiring sentencing court to determine whether defendant and his counsel read and discussed the presentence report was satisfied when counsel told the judge that defendant had read the report and defendant did not dispute that statement when the court addressed defendant personally).

Even if Defendant had succeeded in showing that the district court violated Rule 32, he nonetheless would have to show that he was prejudiced by the Rule 32 violation before we would remand for resentencing. See United States v. Archer, 70 F.3d 1149, 1151 (10th Cir. 1995) (citing Rangel-Arreola, 991 F.2d at 1526). Defendant claims that he "suffered demonstrable prejudice" as a result of the court's failure to comply with Rule 32 for two reasons. Appellant's Br. at 10. First, if the court had given him the opportunity, he would have objected to the probation officer's recommendation that he not receive a decrease in the offense level for acceptance of responsibility. See U.S.S.G. § 3E1.1. Second, Defendant claims that he would have objected to the amount of the restitution order if the court had given him the opportunity to do so. Defendant asserts that if he had been able to object on these two grounds, he would have received either a shorter period of incarceration or would have owed a lower amount of money under the restitution order, or both.

Defendant's allegations of prejudice are without merit. Defendant has not set forth any evidence supporting his claim that he should have received a reduction for acceptance of responsibility. Although Defendant admitted responsibility for the offenses with which he was charged by pleading guilty, his obstruction of the pending investigation undercut any reduction he could have received under section 3E1.1 of the Sentencing Guidelines. See id. § 3E1.1, Application Note 4 (stating that "[c]onduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct"). The probation officer's recommendation of a two-point increase for obstruction of justice was accepted by the district court and Defendant does not challenge it on appeal. We think that the obstruction of justice enhancement in this case makes clear that Defendant was not prejudiced by any alleged Rule 32 violation.

Defendant's claim that he was prejudiced by the amount of the restitution order is equally flawed. In support of this argument, Defendant alleges that he does not have the ability to pay the restitution order because his income is too low. In imposing a restitution order, the sentencing court need not set forth specific findings regarding the defendant's ability to pay "so long as sufficient evidence [is] available to and considered by the sentencing court." United States v. Wiktor, 146 F.3d 815, 819 (10th Cir. 1998). In this case, evidence regarding

-7-

Defendant's ability to pay was presented in the presentence report, including information regarding his financial status, his employment history, his educational background, and his number of dependents. See R., Vol. II at 11-14. At the sentencing hearing, the court referred to Defendant's ability to pay, decided that Defendant did not have the ability to pay a fine in addition to the restitution order, decided not to impose restitution with respect to one of the entities defrauded by Defendant and his wife, and reduced the amounts owed to two other entities. See id., Vol. IV at 7-8. These statements and decisions indicate that the court evaluated the information in the presentence report regarding Defendant's ability to pay. Because the court complied with Wiktor by considering the information regarding Defendant's ability to pay in entering the restitution order, we cannot conclude that Defendant was prejudiced. In short, even if Defendant had shown that the district court violated Rule 32, which he did not, he has not alleged sufficient prejudice to justify resentencing.

For these reasons, Defendant's sentence is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

-8-