**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50629 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00380-DDP-1 |
| v. | |
| KAVEH VAHEDI, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50631 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01132-DDP-1 |
| v. | |
| KAVEH VAHEDI, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted September 2, 2015
Pasadena, California

Before: O'SCANNLAIN, FISHER and BYBEE, Circuit Judges.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Kaveh Vahedi appeals his sentence of 216 months in prison following his guilty plea in federal district court to bank fraud, wire fraud, conspiracy to commit wire fraud and making false statements to a federally insured bank. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. The district court did not abuse its discretion in denying Vahedi's request for a continuance to respond to a victims' sentencing memorandum filed six days before sentencing. To obtain a reversal, appellant must demonstrate "at a minimum that he has suffered prejudice as a result of the denial of his request." *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000) (quoting *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)). Vahedi has not shown the district court relied on the memorandum, or that he was prejudiced by it. The court was clear that harm to the victims was the dominant factor in sentencing, and the memorandum provided no new insight in that regard. Any new information in the memorandum was immaterial to the sentence.[1]

---

[1] We need not address the other *Flynt* factors given the lack of prejudice. *See United States v. Rivera-Guerrero*, 426 F.3d 1130, 1142 (9th Cir. 2005) ("Unlike the other *Flynt* factors, prejudice *must* be shown by the party seeking the continuance."). Substantial inconvenience to the victims assembled at the sentencing hearing may independently justify the denial, but we need not reach that issue.

2. The district court adequately "verif[ied] that the defendant and the defendant's attorney ha[d] read and discussed the presentence report and any addendum to the report." *See* Fed. R. Crim. P. 32(i)(1)(A). A sentencing judge may satisfy Rule 32(i)(1)(A) by "reasonably rel[ying] on evidence indicating that a defendant has read the presentence report and discussed it with counsel." *United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007). When defense counsel was asked by the court whether he had prepared his client for the hearing by "reviewing all of the important documents that we've discussed," including the presentence report, he represented that he had. The court's reasonable reliance on this representation, undisputed by Vahedi, was sufficient to meet the requirements of Rule 32(i)(1)(A). *See United States v. Lewis*, 880 F.2d 243, 245-46 (9th Cir. 1989), *abrogated on other grounds by Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992).

3. The district court committed no procedural error in sentencing Vahedi to a term of imprisonment significantly higher than the guidelines range and the government's recommendation.

First, the court properly considered the sentencing factors under 18 U.S.C. § 3553(a). Although the court did not explicitly and directly address each factor, "[t]he district court need not tick off each of the § 3553(a) factors to show that it

3

has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The court specifically stated it was considering the § 3553(a) factors before it announced the sentence and explained which factors it considered most important to this case.

Second, the court adequately explained the sentence. The court acknowledged the guidelines range, said it had considered "a whole range of sentences," then justified its substantial variance from the guidelines range based on the significant harm to victims, the need to protect the community and the defendant's perceived lack of remorse. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The court did so here.

Finally, the district court remained cognizant of the Sentencing Guidelines throughout sentencing. The court began the sentencing hearing by calculating the guidelines range, later challenged the government's contention that the guidelines range was sufficient punishment and then expressly stated it was considering the guidelines when it announced the sentence.

4. Vahedi's 216-month sentence is not substantively unreasonable. "For a non-Guidelines sentence, we are to 'give due deference to the district court's

decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Carty*, 520 F.3d at 993 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). We acknowledge that the sentence is severe. In light of the life-destroying harm Vahedi inflicted on numerous victims and his lack of remorse as the district court found, however, the court did not abuse its discretion in sentencing Vahedi to 18 years in prison.

5. The motion by 26 victims and counsel for leave to file an amicus curiae brief, filed December 12, 2014, is **DENIED**.

**AFFIRMED.**