**Hugh Don SMITH, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 80–9076**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 8, 1982.

Hugh Don Smith, pro se.

James E. Baker, U. S. Atty., Chief, Criminal Div., Atlanta, Ga., for defendant-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

Appellant filed a motion to have his sentence vacated under 28 U.S.C. § 2255[1] on the ground that the sentence imposed exceeded that which the government agreed it would recommend in exchange for appellant's cooperation as an informant. We agree with the district court that the government's bargain was not binding on the trial judge; hence we affirm the denial of appellant's motion.

Appellant Hugh Don Smith was convicted by a jury of eighty counts of receiving, transporting, and selling stolen motor vehicles in interstate commerce in violation of 18 U.S.C. §§ 2, 2312. He was sentenced to a prison term of twenty years. Smith subsequently met with agents of the United States Bureau of Alcohol, Tobacco, and Firearms and an Assistant United States Attorney and offered to become an informant in exchange for assistance in getting his sentence reduced. The government attorney told appellant that the assistance the government would provide would depend on how much work appellant did and what was accomplished as a result. After having supplied the government with various information, appellant requested a probated sentence in return for his efforts. The attorney told appellant he did not believe a probated sentence was justified because of the seriousness of appellant's offense but agreed to recommend a reduction of appellant's sentence to five years or less. Appellant thereafter filed a motion for reduction of sentence, and the government recommended the reduction. At the evidentiary hearing before the district court pursuant to that motion, appellant acknowledged that the government agreed only to *recommend* that his sentence be reduced to five

years, and that the government fulfilled its part of the bargain. The district court reduced appellant's sentence from twenty to twelve years; it did so, however, because of the harshness of the original sentence, not because of "Smith's assistance to law enforcement officers or commitments made to him by representatives of the United States Attorney's office."

Appellant then filed this section 2255 motion again seeking modification of his sentence, but this time claiming the government breached its agreement. Appellant does not deny that the government carried out its promise to recommend reduction of his sentence. Nor does he claim that he misunderstood the limited effect of such recommendation; he was advised on several occasions that the government's recommendation was not binding on the judge. Rather appellant claims that he fully understood the limits on the government's authority and for that reason insisted that judicial approval of the agreement be obtained. According to appellant, in order to induce his continued cooperation as an informer, the government promised to obtain judicial approval of the sentence reduction it had agreed to recommend.[2] In reliance on such promise appellant claims he not only cooperated with the government at the risk of retaliation against himself and his family but also waived his right to appeal his conviction. Appellant claims he did not discover that the government had failed to secure the district court's approval of the recommendation until the court acted on his initial section 2255 motion. Hence, he filed a second motion, which after another evidentiary hearing the district court denied. We agree with the lower court's rejection of appellant's claim for two reasons.

1.  Section 2255 provides in relevant part:
    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the

    sentence to vacate, set aside or correct the sentence.

2.  Appellant, acting pro se, presented his own testimony and testimony by his wife as to this condition of the agreement. The government agent who allegedly promised to secure such approval denied having done so. The district court did not resolve this disagreement but stated simply that the facts were in dispute.

First, appellant's contention that he was defrauded of his right to appeal is contradicted by the record. The record shows that he appealed his conviction, which was affirmed. *United States v. Smith*, 605 F.2d 839 (5th Cir. 1979). Although appellant suggests that he waived opportunities to petition for en banc rehearing by the Fifth Circuit and for certiorari by the Supreme Court, the district court found that appellant did so voluntarily. We agree; the record does not support his assertion that he forewent such opportunities as a condition of or in reliance on the government's promise.[3]

Second, appellant's argument that his sentence should be vacated because he assisted the government on the mistaken belief that government's recommended reduction in sentence had already been approved by the trial judge is unsupported by any authority. The cases relied on by appellant are inapposite; each involved a pretrial agreement between the government and the accused. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (plea bargain under which defendant entered guilty plea); *United States v. Weiss*, 599 F.2d 730 (5th Cir. 1979) (government promise not to prosecute);

and *United States v. Millet*, 559 F.2d 253 (5th Cir. 1977), *cert. denied*, 434 U.S. 1015, 98 S.Ct. 732, 54 L.Ed.2d 759 (1978) (pre-trial discovery agreement). The agreement in this case was conceived only after Smith had already been convicted by a jury upon a plea of not guilty. More importantly, the above cases all involved allegations that government officials failed to perform actions within their authority; in none was it asserted that the court's acceptance of the government's recommendation was part of the agreement.[4] Even in the context of guilty pleas, where the accused's constitutional rights to freedom from self-incrimination and to all the incidents of a jury trial are at stake, the bargains are between the prosecution and defendant. Sentencing recommendations by the prosecution are just that, *recommendations*, which may be considered by, but cannot be made binding on, the trial judge. Fed.R.Crim.P. 11(e)(1), (2);[5] *United States v. Ocanas*, 628 F.2d 353, 358 (5th Cir. 1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981). *Accord Lindner v. Wyrick*, 644 F.2d 724, 728 (8th Cir. 1981); *Bercheny v. Johnson*, 633 F.2d 473, 476 (6th Cir. 1980); *United States ex rel. Culbreath v. Rundle*, 466 F.2d 730, 734 (3d Cir. 1972). *See also United States*

---

**3.** Even assuming some grounds for a further appeal existed appellant's motion before the district court for a stay of execution, which was filed while his appeal was pending, indicates he believed further appeals would be useful only as delay tactics.

**4.** Moreover, *United States v. Weiss* undermines appellant's argument that the subjective understanding of the accused is the standard for determining the substance of the agreement between appellant and the government in this case. In *Weiss* the court held that in contexts other than plea bargaining, where the fifth amendment privilege against self-incrimination is not involved, "the appropriate analysis is not [the accused's subjective expectation] but whether there was a promise held out to which the government, as a matter of fair conduct, might be bound." *United States v. Weiss*, 599 F.2d 730, 738 (5th Cir. 1979). As in *Weiss*, this case does not concern admissibility of a guilty plea or incriminating statements made by the accused.

*United States v. Herman*, 544 F.2d 791 (5th Cir. 1977), cited by appellant in support of his argument for a subjective standard, involved a

plea-bargaining situation and as such is distinguishable from *Weiss* and this case.

In *Geisser v. United States*, 513 F.2d 862 (5th Cir. 1975), *appeal after remand*, 554 F.2d 698 (5th Cir. 1977), *appeal on petition for habeas corpus*, 627 F.2d 745 (1980), *cert. denied*, 450 U.S. 1031, 101 S.Ct. 1741, 68 L.Ed.2d 226 (1981), where the district court found the Department of Justice made an absolute commitment that the appellant would not be deported to certain countries, the Court of Appeals did not decide the extent to which the State Department was bound by such agreement since the government had failed even "to use its 'best efforts' " to effectuate the agreement. In any event, the effect of an agreement made by one department of the Executive Branch on another is a very different issue from that of the authority of the judiciary to reject such agreements.

**5.** In fact, it is improper for the judge to participate in plea bargaining discussions. *See* Fed.R. Crim.P. 11(e)(1); *United States v. Adams*, 634 F.2d 830 (5th Cir. 1981); *United States v. Werker*, 535 F.2d 198 (2d Cir. 1976), *cert. denied*, 429 U.S. 926, 97 S.Ct. 330, 50 L.Ed.2d 296.

*v. Savage*, 561 F.2d 554 (4th Cir. 1977) (judge's imposition of sentence exceeding that recommended by government does not constitute rejection of plea agreement entitling defendant to withdraw plea). *Accord United States v. Incrovato*, 611 F.2d 5 (1st Cir. 1979); *United States v. Gaertner*, 593 F.2d 775 (7th Cir. 1979); *United States v. Henderson*, 565 F.2d 1119 (9th Cir. 1977), cert. denied, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978). *Contra United States v. American Bag and Paper Corp.*, 609 F.2d 1066 (3d Cir. 1979); *United States v. White*, 583 F.2d 819, 823–26 (6th Cir. 1978).

Here the appellant was convicted by a jury after pleading not guilty, and his conviction was affirmed on appeal. In return for his postconviction agreement to act as an informant the government agreed to and did recommend reduction of his sentence. The government is without authority to promise any action by the court.[6] Hence, the trial judge's decision not to accept the government's recommendation was fully within his discretion.

**6.** We do not determine whether the government actually made such a promise; the trial court made no finding on this question. See note 2 *supra.*

Some courts have afforded relief in the plea bargaining context where a prosecutor has made promises that were illegal or otherwise unfulfillable, *e.g., Palermo v. Warden, Green Haven State Prison*, 545 F.2d 286, 296 (2d Cir. 1976), cert. dismissed, 431 U.S. 911, 97 S.Ct. 2166, 53 L.Ed.2d 221 (1977), and cases cited therein. *But cf. United States v. Block*, 660 F.2d 1086, 1092 (5th Cir. 1981) (government's proffer of information at sentencing to correct defendant's misstatements did not breach plea bargain under which government had agreed not to take position on sentence). Where an accused has entered a guilty plea with the understanding that the government can and will fulfill such a promise, the failure to afford relief for the government's breach would violate the Constitution, both because the plea is involuntary thus violating the defendant's fifth amendment privilege against self-incrimination, *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970), and because the government's misrepresentation has caused the defendant to relinquish his sixth amendment rights to a jury trial and its various incidents. As noted above, this case is distinguishable from the plea bargaining cases since the agreement between appellant and the

For the reasons stated above, we AFFIRM.

government was entered into *after* appellant had been tried and sentenced. However extensive the services that appellant performed for the government may have been, his interest in not performing such services or in being compensated for their performance does not rise to the level of a constitutional right. *Cf. United States v. Bean*, 564 F.2d 700, 704–05 (5th Cir. 1977) (defendant's carrying out of part of plea bargain requiring his cooperation in government investigation of others involved in crime did not prevent judge from rejecting plea bargain).

Moreover, unlike the plea bargain situation where if the court rejects the plea agreement it can reinstate the rights surrendered by the defendant by allowing withdrawal of a guilty plea entered under the agreement, we are not in a position to restore appellant to his pre-agreement position. The evidence does not support appellant's claim that he gave up rights to appeal his conviction as part of his agreement with the government; hence the only interest he surrendered under his post-trial agreement was his option not to act as a government informer. Obviously, there is no way to undo the acts that appellant has already done.

We emphasize, however, that our decision to deny the relief appellant requests should not be read as condoning conduct by government agents of the type alleged by appellant.