**UNITED STATES of America, Plaintiff,**

v.

**Evan BEN–HUR, Defendant.**

**No. 92–CR–166.**

United States District Court,
E.D. Wisconsin.

Aug. 25, 1994.

Thomas P. Schneider, U.S. Atty. by Joseph R. Wall, Asst. U.S. Atty., Milwaukee, WI, for plaintiff.

Cole & Staes by Andrew Staes, Chicago, IL, for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Presently before the court is the defendant's "motion for enforcement of sentencing agreement with government." In this motion, the defendant requests that the court require the government to abide by an alleged sentencing recommendation agreement. This motion will be granted.

A jury found Mr. Ben–Hur guilty of destroying a building by means of fire and explosive materials in violation of 18 U.S.C. § 844(i). Another branch of this district court sentenced Mr. Ben–Hur to a 120 month prison term; such term was in excess of the 51–63 month guideline range for the offense, and the appellate court vacated the sentence. The court of appeals ruled that the district judge had failed to provide legally sufficient reasons for an upward departure, 16 F.3d 1226. The case has been remanded to this branch for resentencing.

On July 11, 1994, the defendant filed a motion for discovery related to sentencing issues. The government responded on July 13, 1994, stating that it agreed to provide the defendant with the materials requested. The

July 11 motion was granted by the court in an order dated July 27, 1994.

In its July 13, 1994, response, the government stated that as a result of the defendant's request, it was serving notice upon the defendant that there would be no stipulation or agreement as to the defendant's final guideline range. In response, the defendant filed a "motion for enforcement of sentencing agreement with government."

The defendant claims that the parties had reached an agreement whereby the government would recommend that the defendant's guideline range would be 51–63 months. As part of the agreement, the defendant alleges that the government agreed not to seek an upward departure, and the defendant agreed not to seek a downward departure. Additionally, the defendant contends that he was free to argue for the lower end of the guideline range and that the government was free to argue for the upper end of the guideline range.

■ Both parties apparently assumed that the sentencing agreement is governed by Rule 11(e), Federal Rules of Criminal Procedure. However, Rule 11(e) addresses sentencing recommendation agreements made pursuant to a plea agreement. Mr. Ben–Hur never entered into a plea agreement with the government in this case. Here the sentencing recommendation agreement was made after the defendant was found guilty by a jury. Thus, in the court's opinion, reliance on Rule 11(e) would seem inappropriate.

■ The cases cited by the parties involve questions as to the government's abrogation of sentencing recommendations in the context of plea agreements. Mr. Ben–Hur did not agree to surrender his right to a jury trial. As such, the defendant's interest in enforcement of the sentencing recommendation does not rise to the level of a constitutional right as it would in the context of plea bargaining cases. *See Smith v. United States,* 670 F.2d 145, 148 n. 6 (11th Cir.1982).

As stated above, the sentencing recommendation agreement in this case did not result from the defendant's agreement to enter a guilty plea. Rather, the sentencing recommendation agreement in this case appears to have been the result of the parties' interest in simplifying the sentencing process. In exchange for the recommendation of a specific guideline range by the government, the defendant agreed not to seek a downward departure below that range.

■ In my opinion, the question as to the enforceability of the agreement is governed by ordinary contract principles and is not subject to the constitutional concerns involved in agreements made under Rule 11(e).

■ The court of appeals for the seventh circuit has recognized that sentencing agreements are contracts. *United States v. Sophie,* 900 F.2d 1064, 1071 (7th Cir.1990). Determining the existence of such contracts is governed by ordinary contract principles of offer and acceptance. *United States v. Delegal,* 678 F.2d 47, 50 (7th Cir.1982). "Those principles in turn require that we examine the parties' reasonable expectations—an objective standard." *United States v. Fields,* 766 F.2d 1161, 1168 (7th Cir.1985). As a party to an agreement, the government should be barred from rejecting the agreement if there has been a "meeting of the minds." *Delegal,* 678 F.2d at 50.

■ The court must determine whether the parties had in fact entered into an enforceable agreement. The government's letter of May 25, 1994, states that it is a "***summary*** of our understanding." (Emphasis supplied). This language strongly suggests that a complete agreement had already been reached by the parties, and the letter was merely a summary of the provisions of that agreement. In my opinion, the parties had indeed entered into an enforceable sentencing recommendation agreement at the time of the May 25 letter.

The government argues that the defendant's June 1, 1994, letter was an attempt to manipulate the terms of the agreement and therefore was not an acceptance. However, this assertion is based on the assumption that the May 25, 1994, letter was merely an offer. Since I conclude that an agreement already existed at the time of the defendant's June 1, 1994, letter, the government's conten-

tion that the June 1 letter was, in effect, a counter-offer, must fall.

Furthermore, the defendant's June 1, 1994, letter did not seek to alter any material provisions of the agreement. The letter merely indicates that the defendant understood the sentencing recommendation agreement to include an agreement by the government to move for a reduction under Rule 35(b), Federal Rules of Criminal Procedure, if the defendant's assistance ever rose to the level of substantial assistance. Although not stated in its May 25, 1994, letter, the government had already filed a Rule 35(b) motion with the court for jurisdictional purposes.

The defendant's request for materials relevant to the sentencing does not evince a desire to alter the agreement; it is clear from the government's May 25, 1994, letter that both the defendant and the government were free to argue for the lower or higher end of the guideline range. Therefore, I find nothing in the defendant's June 1, 1994, letter that attempts to add a "materially new provision" to the sentencing recommendation agreement between the parties.

The government also contends that no legally binding agreement ever existed because the defendant is required to rely on the agreement to his detriment before the agreement becomes enforceable. However, the government's argument rests on cases involving agreements whereby the defendant agreed to enter a guilty plea in exchange for the government's sentencing recommendation. In *Mabry v. Johnson*, cited by the government, the United States Supreme Court stated that a "plea bargain standing alone is without constitutional significance ... [i]t is the ensuing guilty plea that implicates the Constitution." 467 U.S. 504, 507–508, 104 S.Ct. 2543, 2546–2547, 81 L.Ed.2d 437 (1984). Since the agreement in question did not involve the entry of a guilty plea, the detrimental reliance standard evinced in *Mabry* is inapplicable here.

The court concludes that the parties had an enforceable sentencing recommendation agreement as acknowledged in the government's May 25, 1994, letter to the defendant.

## ORDER

Therefore, IT IS ORDERED that the defendant's "motion for enforcement of sentencing agreement" be and hereby is granted.