[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 11-15595
Non-Argument Calendar

————————————————

D.C. Docket No. 8:10-cr-00501-JDW-MAP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID R. LEWALSKI,
a.k.a. David Richard Lewalski,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(September 9, 2013)

Before HULL, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

David Lewalski appeals his 240-month sentence, the statutory maximum for

his offense, which was imposed above the applicable guideline range, after he

pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341.  Lewalski was convicted for perpetrating a massive Ponzi scheme that ensnared over 500 victims who lost nearly $19 million.  His guideline calculation resulted in a range of 188-235 months.  Lewalski argues on appeal that the district court erred in several ways when it sentenced him to 5 months above the applicable range.  Because Lewalski did not object to his sentence in the district court below, we review the issues for plain error on appeal.  United States v. Hoffman, 710 F.3d 1228, 1231–32 (11th Cir. 2013); see also United States v. Thayer, 204 F.3d 1352, 1356 (11th Cir. 2000) (applying plain error review where a defendant argues for the first time on appeal that the government breached a plea agreement).  "Plain error requires the defendant to show: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Hoffman, 710 F.3d at 1232 (quotation marks omitted).

I.

First, Lewalski argues that the district court erred by failing to "enforce" his plea agreement when it sentenced him outside the guidelines range recommended by the government.

Of course, the government may make a sentencing recommendation pursuant to a plea agreement.  Fed. R. Crim. P. 11(c)(1)(B).  However, the district court is not bound by such a recommendation.  Fed. R. Crim. P. 11(c)(3); accord

Smith v. United States, 670 F.2d 145, 148 (11th Cir. 1982) (holding, in a habeas action under 28 U.S.C. § 2255, that "[s]entencing recommendations by the prosecution are just that, recommendations, which may be considered by, but cannot be made binding on, the trial judge").

Lewalski had notice that the court could exceed the guideline range. The plea agreement clearly stated that the district court would not be bound by the government's recommendation, and during the plea colloquy, Lewalski made clear that he understood that the government's recommendations are not binding. The district court did not err, plainly or otherwise, when it chose to sentence Lewalski above the guidelines range because it was not bound by the government's recommendation of a sentence within the applicable sentencing guideline range. See Fed. R. Crim. P. 11(c)(1)(B), (3).

## II.

Second, Lewalski argues that the court should not have considered at the sentencing hearing a letter that he intended to send to his girlfriend, in which he bragged about snookering the prosecutor and probation officer in order to receive a lighter sentence.

A court may consider any information at sentencing, regardless of admissibility at trial, as long as "the information has sufficient indicia of reliability to support its probable accuracy." United States Sentencing Guidelines (USSG)

3

§ 6A1.3(a); see also 18 U.S.C. § 3661.  We have held that a court may consider information at a sentencing hearing when (1) the information has sufficient indicia of reliability; (2) the court makes explicit findings of fact as to credibility; and (3) the defendant has an opportunity to rebut the evidence.  See United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (applying this reliability test to hearsay evidence); United States v. Query, 928 F.2d 383, 384–85 (11th Cir. 1991) (explaining that a sentencing court may consider "any information . . . so long as the defendant has an opportunity to rebut the evidence or generally cast doubt upon its reliability").

The district court did not err in considering the letter.  The sentencing court discussed Lewalski's authorship of the letter and referred to statements in the letter that were corroborated by Lewalski's interactions with his probation officer. Rather than rebut this evidence, Lewalski's attorney acknowledged that Lewalski wrote the letter.  Thus, Lewalski's letter to his girlfriend had sufficient indicia of reliability and the district court did not commit error, plain or otherwise, in considering the letter at the sentencing hearing.  See Anderton, 136 F.3d at 751.

### III.

Third, Lewalski argues that the prosecutor improperly revealed to the court that he had a $100,000 "get-away" fund, in violation of a promise in the plea agreement to not provide the court with self-incriminating information offered by

4

Lewalksi in cooperation with the government to determine his applicable guideline range.

The Sentencing Guidelines provide that, when a defendant cooperates with the government by providing information about the crimes of others, and in exchange the government agrees not to use self-incriminating information revealed during the cooperation against the defendant, the sentencing court should not use such self-incriminating information to determine the sentencing guideline range. USSG § 1B1.8(a).  This restriction does not apply, however, if the government knew the information before entering into the agreement or if the defendant breaches the agreement.  Id. § 1B1.8(b)(1).

Due process requires the government to honor the promises that it makes in a plea agreement.  United States v. Al-Arian, 514 F.3d 1184, 1190 (11th Cir. 2008).  Under a plea agreement, the government is bound by the material promises made to a criminal defendant that induce the defendant to plead guilty.  Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971).  Whether the government violated a plea agreement depends on the defendant's reasonable understanding of the plea agreement at the time the plea was entered.  United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992).  When the government's actions do not violate the terms of the plea agreement, there is no breach.  See United States v. Forney, 9 F.3d 1492, 1500 n.2 (11th Cir. 1993) (concluding that,

because the government did not break a promise to consider the defendant's assistance, and never promised that it would file a substantial-assistance motion, it did not fail to comply with the terms of the plea agreement).

Again, Lewalski can prove no error, plain or otherwise, based on the prosecutor's description of Lewalski's "get-away" fund during the sentencing hearing. First, Lewalski did not object to the comment at sentencing. Neither has he done anything to show that the government learned about the "get-away" fund from Lewalski's cooperation alone. He has not, therefore, shown a breach. Cf. USSG § 1B1.8(b)(1); United States v. Pham, 463 F.3d 1239, 1244 (11th Cir. 2006) ("[S]o long as the information is obtained from independent sources or separately gleaned from codefendants, it may be used at sentencing without violating § 1B1.8."). Second, and more importantly, there is no evidence that the information was used in "determining the applicable sentencing guideline range," which was what was actually prohibited by the plea agreement. Rather, the information was used in the context of opposing Lewalski's request for a downward variance from the guideline range that had already been determined. Thus, Lewalski can show no breach of the plea agreement and no error, plain or otherwise. See Forney, 9 F.3d at 1500 n.2.

IV.

Fourth, Lewalski argues that the district court did not provide an adequate explanation for imposing a sentence in excess of the guidelines range.

We consider the adequacy of a district court's explanation for a sentence when we review the reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. § 3553(a)(2), including the need "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to deter criminal conduct, and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The district court must also consider the other factors listed in § 3553(a). See id. § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we use a two-step process. Pugh, 515 F.3d at 1190. First, we ensure that the sentence is procedurally reasonable, meaning that the district court properly calculated the guideline range, treated the guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Second, if we determine that a sentence is procedurally sound, we then examine

7

whether the sentence is substantively reasonable in light of the totality of the circumstances.  Id.

The party challenging the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  A sentencing court may impose a sentence more severe than the guideline range so long as that sentence is reasonable.  United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005); see also United States v. Irizarry, 458 F.3d 1208, 1211–12 (11th Cir. 2006) (upholding a sentence nine months greater than the guideline range).  Furthermore, a district court's decision to vary upward from a sentence within the guideline range to the statutory maximum is reasonable if the court gives adequate consideration to the circumstances of the case and the § 3553(a) factors.  See United States v. Shaw 560 F.3d 1230, 1240–41 (11th Cir. 2009) (holding that a sentencing court's "methodical review of the § 3553(a) factors" justified varying upward to the statutory maximum sentence).

When reviewing a sentence outside the guidelines range, we may take into account the degree of variance from the guidelines range, but "extraordinary" circumstances are not required to justify a sentence outside the guidelines range. Gall, 552 U.S. at 47, 128 S. Ct. at 594–95.  Instead, the justification for the variance must be "sufficiently compelling to support the degree of the variance."

United States v. Irey, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc) (quotation marks omitted). We give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 1187 (quotation marks omitted).

The district court did not err, plainly or otherwise, in sentencing Lewalski above the guidelines range to the statutory maximum. Lewalski's sentence is procedurally reasonable because the record clearly shows that the district court considered the § 3553(a) factors and adequately explained the chosen sentence. In varying from the guideline range, the court explained its serious concern about the need to protect the public from future crimes of the defendant and its worry that a more lenient sentence would not deter Lewalski and his "arrogance and greed" from reoffending. By considering the § 3553(a) factors and explaining the sentence, the district court imposed a procedurally reasonable sentence. See Gall, 552 U.S. at 51, 128 S. Ct. at 597.

Likewise, Lewalski's sentence is substantively reasonable in light of the totality of the circumstances. The record before the District Court reflects that while perpetrating the Ponzi scheme, Lewalski lived extravagantly on his over 500 victims' money and used sophisticated, deceitful tactics to encourage investors to give him more funds. Rather than showing remorse, Lewalski wrote a letter to his girlfriend bragging that he was going to get away with his actions with only a short

9

sentence.   Given the district court's thorough justification and the small variance, only 5 months outside the guideline range of 188 to 235 months imprisonment, the court's decision to impose the statutory maximum of 20 years imprisonment was substantively reasonable.  See Irey, 612 F.3d at 1186–87.   Thus, Lewalski can show no error, plain or otherwise, in his above-guidelines sentence.

V.

For these reasons, we affirm.

**AFFIRMED.**