[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13020
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00115-RBD-DCI-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOSBEL MARIMON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 3, 2018)


Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Yosbel Marimon appeals the 90-month sentence imposed after he pled guilty to one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349.  Marimon contends his sentence, which is 12 months above the high end of the guidelines range, is substantively unreasonable.  After review, we affirm.[1]

Contrary to Marimon's assertion that the district court provided only two "general reasons" for imposing an upward variance, the record reveals the decision was based on several factors listed in 18 U.S.C. § 3553(a), including: the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and Marimon's history and characteristics.  First, the district court noted health care fraud is "an incredibly serious crime, and it warrants a very serious penalty," elaborating that Marimon "st[ole] over $9 million, close to $10 million . . . from the Medicare proceeds . . . which is money that is sorely needed by people who oftentimes have no other security blanket."  Second, the district court emphasized Marimon's history of criminal conduct, which it believed indicated an increased likelihood Marimon would harm the public by re-offending.  Third, and finally, the district court noted Marimon was continuing to live beyond his means.

---

[1] We review substantive unreasonableness claims under a deferential abuse of discretion standard.  *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012).  Marimon, the party challenging the sentence, must show it is unreasonable given the record and the 18 U.S.C. § 3553(a) sentencing factors.  *Id.*  The district court "must have a justification compelling enough to support the degree of the [upward] variance and complete enough to allow meaningful appellate review."  *Id.*  But we will not vacate unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* (quoting *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009)).

Marimon's position that these considerations are insufficient to justify the 12 month upward variance imposed by the district court is unavailing. First, he cites the court's inaccurate "finding" that Marimon "essentially made a life of committing crimes against the United States." A review of the record reveals that what Marimon characterizes as a finding is, actually, a turn of phrase. The statements surrounding the court's references to a "lifetime" illustrate awareness that Marimon was, in fact, involved in criminal activity between 2007 and 2011.

The essence of the district court's observation, which is accurate, is that Marimon has a history of criminal behavior—three prior arrests and convictions, to be exact. And, as the district court further noted, Marimon continued his involvement with the fraudulent Medicare scheme at the heart of this case after having been arrested twice in 2010 for insurance fraud. These facts are sufficient to support the district court's "concern about the need to impose a sentence that protects the public against the likelihood that Mr. Marimon will continue to engage in fraudulent . . . conduct subsequent to his discharge from the Bureau of Prisons."[2] *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015)

---

[2] Marimon's attempt to challenge his upward variance by distinguishing himself from defendants with more serious criminal histories whose upward variances were affirmed is also unavailing. It does not follow from the fact that panels have affirmed upward variances imposed on defendants with more serious criminal histories that imposing a similar upward variance of a defendant with a less serious criminal history is an abuse of discretion, particularly where, as here, factors other than the defendant's criminal history support the variance.

("District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed.").

Next, Marimon attacks the district court's determination that he "continues to live beyond his means." Specifically, he contends the record does not contain evidence sufficient to support the district court's finding. Marimon's contention is incorrect. The presentence investigation report (PSR) reflects that although Marimon's checking account contained $10, one of his monthly expenses was a $600 car payment on a 2015 Mercedes ML 350. The district court was entitled to base its findings of fact on undisputed statements in the PSR and, therefore, did not err. *See United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006).

Finally, Marimon asserts his sentence is unreasonable both because the court purportedly acknowledged a within-guidelines sentence would have sufficed and because the upward variance contravened the terms of his plea agreement. Both arguments fail. Marimon mischaracterizes the district court's statement regarding its acceptance of his plea as an admission that a sentence within the statutory guidelines would have been appropriate. As the Government correctly notes, the statement reflects the court's position that Marimon's plea to the single count of conspiracy sufficed to reflect the seriousness of his conduct. As to Marimon's argument that his sentence goes against his plea agreement, the agreement states that the parties acknowledge the court is not bound to sentence within the guideline

4

range or the recommended sentence. *See United States v. Eldick*, 443 F.3d 783, 790 (11th Cir. 2006) (holding that the court was not required by the plea agreement to impose a sentence within the guideline range); *Smith v. United States*, 670 F.2d 145, 147-48 (11th Cir. 1982) (holding that sentencing recommendations cannot be made binding on the trial judge). Moreover, Marimon acknowledged during the plea hearing and in signing the plea agreement that the court was not bound by the sentencing guidelines and could impose any sentence up to the statutory maximum.

We conclude the district court's 90-month sentence, which is 12 months above the high end of the guidelines range, is substantively reasonable because the district court provided a "sufficiently compelling" justification to support the degree of the variance. *Gall v. United States*, 552 U.S. 38, 50 (2007).

**AFFIRMED.**